THE PEOPLE OF THE STATE OF NEW YORK ex rel. FOREMOST STUDIO, INC., Relator, *v.* MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, January 9, 1936.

*Weil, Gotshal & Manges* [*Sylvan Gotshal, Robert C. Poskanzer* and *Gerald Dickler* of counsel], for the relator.

*John J. Bennett, Jr., Attorney-General* [*Joseph M. Mesnig, Assistant Attorney-General*, of counsel], for the respondents.

McNamee, J. The relator is engaged in the business of making designs to be impressed on cloth; and its customers were manufacturers of women's dress goods of the figured varieties. The relator made these delineations on paper at the request of customers, and for that purpose employed designers. Upon receiving an order for a design of a general character, the relator made several drawings for comparison in which he attempted to approximate the notion of the customer, and from these the customer chose one or more which best suited his needs and taste, at prices ranging between thirty dollars and fifty dollars each. The manufacturer then had facsimiles of these designs traced on copper rolls through which the fabric was run for the purpose of imprinting the figures on the cloth. It is upon the sale price of these designs that a tax has been imposed.

Section 391 of the Tax Law imposes on every person a tax for the privilege of selling tangible personal property at retail; and further provides that " it shall be presumed that all receipts are subject to the tax until the contrary is established." And section 390 provides that " receipts " shall be the total amount of the sale price, without any deduction for the cost of materials, labor or other expenses. The regulations of the Tax Commission, article 5, define tangible property as corporeal personal property having intrinsic value or worth, including, among other things, " works of art, and in fact, all property which is neither real property nor intangible personal property."

The relator does not claim exemption from the tax because of the expenditure of personal service on the designs. But it does contend that taxability depends upon the nature of the " end-result " of the thing sold; and that where the use of a physical object is only incidental to the sale of an intangible thing, the sale is not taxable. And it likens the sales in question to those of theatre, dinner and railroad tickets, the prescription of a doctor, or the blue print of an architect.

If the relator's transactions were fairly of the class of one of those mentioned, a much stronger case would be made, if indeed, not a complete defense. But we think there is a sharp distinction to be noted. The tickets mentioned are mere incidents and steps in the conduct of a business; they are mere evidences of rights. When the doctor gives a prescription he is taking an added step in his professional ministrations. When the architect who is to supervise the construction of a building draws plans and specifications for approval by the owner, he details in advance the appearance of the structure, prescribes the materials to be used to that end, and the work to be done. He will build accordingly. In each of these

cases the writing is but an operation in the progress of a personal duty and of a larger undertaking. It is a mere movement forward in the work, not a sale. However, if the doctor were to prepare prescriptions for various diseases and sold them upon the demand and upon the judgment of the buyer; or if the architect prepared plans and specifications for the construction of various buildings of a given type, from which an owner might choose, and sold them apart from the general undertaking of an architect, the doctor and the architect each would be engaged in a business of selling things having substance, and form, and worth. An engraver who etches on copper or zinc for printing purposes and delivers the plate at a price, comes within the provisions of the act. (*People ex rel. Walker Engraving Corp.* v. *Graves,* 243 App. Div. 652.) And whether the buyer made the expected use, or a wise or unwise, or any use, of the thing bought, would not change the character of the transaction with the seller.

Here the relator was conducting the business of putting on paper figures or designs and offering the sketches for sale, and each had an intrinsic value, albeit perhaps possessing an artistic quality or principle. The service expended was not of a personal nature, as the relator employed others to provide it; and the drawings were subsequently devoted to a useful industrial purpose. The relator was a purveyor of fabric designs, and its business was not different in principle from those who furnished special thread, implements or coloring dyes, or engraved plates to meet the needs of industry.

We believe that the relator has failed to establish that its sales are not subject to tax; and the determination of the Tax Commission should be confirmed, with costs.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.