[Sac. No. 5278.   In Bank.—Oct. 28, 1941.]

CARL M. BIGSBY, Respondent, v. CHARLES G. JOHNSON, as State Treasurer, etc., Appellant.

Earl Warren, Attorney General, and H. H. Linney, James J. Arditto and A. A. Kragen, Deputies Attorney General, for Appellant.

Roscoe R. Hess, Philip Ray and Robert H. Walker for Respondent.

Charles D. Thompson and McCutchen, Olney, Mannon & Greene, as *Amici Curiae*, on behalf of Respondent.

GIBSON, C. J.—The plaintiff brought this action to recover taxes paid under protest under the Retail Sales Tax Act of 1933. (Stats. 1933, p. 2599; Deering's Gen. Laws [1935], Act 8493; see Revenue and Taxation Code, Part I, Stats. 1941, ch. 36.) The complaint contained twenty-one causes of action upon five of which judgment was rendered for the plaintiff. The plaintiff originally appealed on all causes of action in which the decision was adverse to him, but the appeal brought on his behalf has subsequently been dismissed. The only issue remaining in the case, therefore, is raised by defendant's appeal from a judgment in favor of plaintiff upon his seventeenth cause of action.

The plaintiff, Carl M. Bigsby, is engaged in the business of operating a printing establishment under the fictitious name of the Compton Printing Company. During the quarter-annual period ending December 31, 1935, he sold certain second-hand equipment that he had previously used in the operation of his printing plant. The equipment, which was sold for $25, consisted of a so-called Monomelt pot and its accessories. Plaintiff alleged that the sale of this equipment was purely incidental to the operation of his business and that he was not engaged in any way in the business of selling machinery or equipment. Plaintiff urged that since the sale of used equipment was merely incidental to his principal business and was made in order to salvage the investment upon machinery that he could no longer use, it was not the kind of sale that the legislature intended to tax under the retail sales tax statutes. From a judgment in favor of the plaintiff upon this cause of action the defendant appeals.

The defendant contends, upon this appeal, that the plaintiff was properly required to pay a retail sales tax upon his sale of used printing equipment. During the period with which we are concerned, the statute provided: "For the privilege of selling tangible personal property at retail a tax is hereby imposed upon retailers . . . at the rate of three per cent of the gross receipts of any such retailer from the sale of all tangible personal property sold at retail in this state. . . . " (Deering's Gen. Laws [1935], Act 8493, sec. 3; see, Revenue and Taxation Code, sec. 6051.) "Retailer" is defined

by the statute to be "every person engaged in the business of making sales at retail. . . . " (Deering's Gen. Laws [1935], Act 8493, sec. 2 [e].) Under the circumstances of the present case, there can be no question but that the sale involved was a "sale at retail" within the statute since such a sale is defined to be "a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property. . . . " (Deering's' Gen. Laws [1935], Act 8493, sec. 2 [c].)

Admitting that this transaction constitutes a retail sale within the tax statute, plaintiff relies upon the argument that the sale of the used Monomelt pot was merely a casual and incidental sale to which the retail sales tax was never intended to apply. Defendant points out, however, that plaintiff held a permit to engage in the business of making sales of any kind at retail and that he was clearly a "retailer" within the meaning of the statute, so far as the bulk of his business operations was concerned. (Deering's Gen. Laws [1935], Act 8493, sec. 2 [b]; see Revenue and Taxation Code, sec. 6006; *People ex rel. Walker Engraving Corp.* v. *Graves,* 243 App. Div. 652 [276 N. Y. Supp. 674]; aff'd 268 N. Y. 648 [198 N. E. 539]; *People ex rel. Foremost Studio Inc.* v. *Graves,* 246 App. Div. 130 [284 N. Y. Supp. 906]; *Cusick* v. *Commonwealth,* 260 Ky. 204 [84 S. W. (2d) 14]; *Long* v. *Roberts & Son,* 234 Ala. 570 [176 So. 213].) Since plaintiff can be classified generally as a "retailer," it is urged by defendant that *any* sale at retail by such a person is taxable under the statute, whether a sale of the kind ordinarily made in the course of his business or not. This is said to follow from the fact that section 3, *supra,* measures the tax which it places upon retailers by gross receipts from the sale "of *all* tangible personal property." (Italics ours.)

The question arises, therefore, whether the legislature intended to include in the measure of the tax the receipts from those retail sales of a retailer that are incidental and casual, as well as from the retail sales that are made in the ordinary course of business. Although most jurisdictions imposing sales taxes specifically exempt casual or isolated sales, a majority of them hold that the exemption does not include casual retail sales made in the course of business operations by one who is engaged in the retail sales business. (Prentice-Hall, State & Local Tax Service, pars. 92,572, 92,953.) The

tax is imposed upon retailers for the privilege of doing a retail sales business (*Western Lithograph Co.* v. *State Board of Equalization,* 11 Cal. (2d) 156, 164 [78 Pac. (2d) 731, 117 A. L. R. 838]), and the measure of the tax is the gross receipts of any such retailer from the sale of ''all tangible personal property sold at retail. . . . '' (Act 8493, sec. 3.) The plaintiff is a retailer. He sold the personal property in question at retail as a part of his business operations, and the plain language of the act requires the inclusion of the gross receipts therefrom in the measure of the tax. He can claim no exemption merely by virtue of the fact that the sale of used printing equipment was not the kind of retail sale ordinarily made by him. Our statute creates no exemption covering the situation, and however forceful may be plaintiff's contention that this type of sale should be exempted from the operation of the statute, such arguments must be directed to the legislature rather than to the courts.

We are not required, under the facts of this case, to decide the question raised in the briefs as to the taxability under the statute of gross receipts from casual retail sales that have no relation whatever to a retailer's business operations.

The judgment is reversed.

Shenk, J., Curtis, J., Edmonds, J., and Carter, J., concurred.