## STATE BOARD OF EQUALIZATION OF STATE OF CALIFORNIA v. BOTELER.

### In re DAVIS STANDARD BREAD CO.

### No. 10021.

Circuit Court of Appeals, Ninth Circuit.

Nov. 10, 1942.

Earl Warren, Atty. Gen. of California, and Alberta Belford, Deputy Atty. Gen., for appellant.

Frank C. Weller, Thomas S. Tobin, and William E. Woodroof, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from the order of the District Court, affirming the action of the Referee in Bankruptcy in enjoining the State Board of Equalization of the State of California from attempting to compel the Trustee in Bankruptcy to take out a sales tax permit or to collect a three percent retail sales tax from purchasers of assets of the bankrupt estate upon sales made by the Trustee in liquidation of the bankrupt estate.

There is no issue of fact in the present case.

A wholesale and retail bakery corporation was adjudicated a bankrupt, a Trustee in Bankruptcy was appointed, and he immediately began to liquidate the corporate properties, which consisted of the furniture, fixtures, equipment, and other miscellaneous items of the business. The Trustee offered this property for sale at public sale in the Referee's court, but no satisfactory bid was received, and he, therefore, applied for, and was granted, authority by the court to sell the same at private sale by the piece or in bulk.

The California State Board of Equalization thereupon demanded that the Trustee take out a retail sales tax permit, and that he collect and remit the sales tax prescribed by the California Retail Sales Tax Act on sales.[1]

The Trustee filed with the Referee in Bankruptcy a petition for an order re-

---

[1] Cal. Retail Sales Tax Act of 1933. Stats.1933, p. 2599, Cal. Deering's Gen. Laws Supp.1935, Act 8493, now Revenue and Taxation Code, part I, Stats. 1941, ch. 36, p. 532, § 6001 et seq.

straining the Board of Equalization from attempting to collect this tax.

The Referee granted the injunction, which was affirmed upon review by the District Court.

The Board's theory, as we understand it, is essentially as follows:

That the California Retail Sales Act imposes on "retailers" a tax of three percent of the gross receipts "for the privilege of selling tangible personal property at retail"; that a "sale at retail" is defined by the Act to mean "a sale to a consumer or to any person for any purpose other than for resale in the regular course of business in the form of tangible personal property"; that a "retailer" is defined as "every person engaged in the business of making sales at retail * * * of tangible personal property"; that under the case of Bigsby v. Johnson, 18 Cal.2d 860, 118 P.2d 289, 290, the California Supreme Court has interpreted the Act as applying to "casual and incidental sales", as well as to sales of the kind ordinarily made by the retailer; that it follows, therefore, that if the sales involved in the instant case had been made by a private individual, the sales would have been taxable.

From this premise, the argument proceeds: The United States Code Annotated, in Section 124a, Title 28, provides that "Any * * * trustee * * * appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall * * * be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation"; that the United States Supreme Court in the case of Boteler v. Ingels, 308 U.S. 57, 60 S.Ct. 29, 84 L.Ed. 78, interpreting the above code section, held that the State has the right to impose upon trustees in bankruptcy the same obligations for the same privileges that it imposes upon private citizens, and that it follows that the Trustee in the instant case is subject to the terms of the California Retail Sales Act.

It cannot be doubted that if the authorities can be read so as to support the proposition that the Trustee in making the sales in question is "carrying on a business", the tax attempted to be imposed would be proper. We think they cannot be so read.

First, as to the case of Bigsby v. Johnson, supra, upon which the Board bases its premise that a private individual transacting the same business as that of the Trustee in the instant case would be subject to the tax. The facts of that case disclose that the plaintiff was engaged in the business of operating a printing establishment, and that the sales sought to be taxed were sales of some printing equipment that he had previously used in the operation of his printing plant business. The court very definitely points out that the plaintiff "was clearly a 'retailer' within the meaning of the statute, so far as the bulk of his business operations was concerned". The holding of the Court was that since the plaintiff could "be classified generally as a 'retailer,'" and since the taxing act imposed a tax on all sales at retail by a retailer in the regular course of business, whether casual or otherwise, sales of personal property by such retailer as part of his business operations were not exempt from the tax, even though "the sale of used printing equipment was not the kind of retail sale ordinarily made by him".

But this is not to say that a person not engaged in any retail business and not occupying the status of a retailer under the statutory definition of that term would be subject to the sales tax on casual sales of personal property. In the last above cited case the court specifically declined to "decide the question * * * as to the taxability under the statute of gross receipts from casual retail sales that have no relation whatever to a retailer's business operations".

With this holding of the California Court in mind, it will be well to turn to the case of Boteler v. Ingels, supra, upon which the Board relies. In that case, Boteler, as Trustee in Bankruptcy, was continuing to conduct the business of a large dairy. He had a number of milk trucks making daily deliveries throughout Los Angeles County and operating them upon the public highways. The issues of that case involved penalties which the State Motor Vehicle Department had assessed against the Trustee for failure to apply for licenses on these trucks within the statutory time. The court held that the Trustee was liable for the license fee, including the penalty, but was careful to point out that the Trustee was operating the business, and that in this situation, it was "subject to State taxes 'the same as if such business(es) were conducted by an individual or corporation'". [308 U.S. 57, 60 S.Ct. 32, 84 L.Ed. 78.]

It thus appears that neither the case of Bigsby v. Johnson, supra, nor Boteler v. Ingels, supra, is determinative of the question with which we are here presented, unless, of course, as we have pointed out above, it could be said that the Trustee in liquidating the assets of the bankrupt estate was a "retailer" under the statutory definition of the term [Bigsby v. Johnson, supra] or was "operating a business" [Boteler v. Ingels, supra].

The cited cases do not compel, nor do they justify, such a holding. It is, of course, not a fact that the Referee in the circumstances of this case was engaged or was about to become "engaged in the business of making sales at retail * * * of tangible personal property". He did not continue the bankrupt's business in any sense, but instead chose to dispose of the physical equipment in accordance with his duty in such manner as to realize the highest return for the estate he was administering. Section 47, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 75, sub. a. In our opinion the fact that these assets had previously been utilized by the bankrupt in the conduct of a business no longer in existence has no materiality in the case. His activities did not render him taxable under the terms of the California Retail Sales Act, and, furthermore, did not subject him to the provisions of 28 U.S.C.A. § 124a, above quoted, to the effect that Trustees appointed by United States Courts to conduct any business shall be subject to state and local taxes applicable to such business.

The order is affirmed.

