## CALIFORNIA STATE BOARD OF EQUALIZATION v. GOGGIN.
## In re EXETER REFINING CO.
### No. 12418.

United States Court of Appeals
Ninth Circuit.

June 28, 1950.

Rehearing Denied Sept. 13, 1950.

Fred N. Howser, Attorney General, of California, James E. Sabine, Deputy Atty. Gen., Edward Sumner, Deputy Atty. Gen., for appellant.

Ernest R. Utley, Los Angeles, Cal., for appellee.

Before BIGGS, BONE and POPE, Circuit Judges.

BIGGS, Circuit Judge.

Exeter Refining Company (Exeter) filed a petition pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., in the court below on October 16, 1947. The petition was approved the same day and thereafter George T. Goggin was appointed receiver and duly qualified. On February 12, 1948, the California State Board of Equalization (the Board) filed with the referee a claim, broken down into parts as specified hereinafter, for California Sales and Use Tax. The claim asserts that there was due to the State of California the sum of $3,926.36. Then comes the phrase "See Notice of Determination, Attached", and there follows this statement, "To the amount shown hereon [$3,926.36] additional interest in the sum of $17.52 must be added for each month or fraction thereof after February 29, 1948 to date of payment. If total amount due is not paid by March 7, 1948 additional penalties in the amount of $350.30 must be added." The Notice of Determination is dated February 6, 1948 and states that it is for the period or quarter January 1, 1945 to October 16, 1947. The amount of tax is shown as $3,503.00, the interest as $81.98, and the penalty as $341.-38. The fourth clause of the claim states: "That this claim is entitled to the priority provided by Sec. 64-a of the Bankruptcy Act [11 U.S.C.A. § 104]." The claim also states: "Penalty added as provided in Section 6511 of the Sales and Use Tax Law.", and "This determination covers liability for the period prior to the filing of the petition under Chapter X [sic] of the Bankruptcy Act." This is the claim on which the Board relies; the third penalty in the amount of $350.30 has been treated by consent of all concerned as if it had already accrued when the claim was filed. At any rate it became due by March 7, 1948.

The penalties included in the Board's claim consisted of three items, viz., $47.54, $293.48, and $350.30. We will take the statements contained in the Board's opening brief, which seem fully supported by the findings of the referee after hearing, as to what the penalties represented. We make but one addition thereto which is that Sections 6451, 6452 and 6565 of the Revenue and Taxation Code, Sales and Use Tax Law of California (set out in Note 1, infra), read together provide that when a return is filed the tax due shall be paid. The

Board's brief states: "First Penalty Item Amounting to $47.54: This penalty was assessed by appellant pursuant to the provisions of Section 6511 of the Revenue and Taxation Code (Sales and Use Tax Law) of the State of California for Exeter's failure to file sales tax returns which were due prior to the commencement of the instant Chapter XI proceedings.

"Second Penalty Item Amounting to $293.48: This penalty was assessed by appellant pursuant to the provisions of Section 6511 * * * for failure to file sales tax returns for the period July 1, 1947, to October 16, 1947, the date of the commencement of the instant Chapter XI proceedings, said returns being due subsequent to October 17, 1947, the date appellee, George T. Goggin, was duly appointed and qualified as Receiver of Exeter's estate.

"Third Penalty Item Amounting to $350.-30: This penalty was assessed by appellant pursuant to the provisions of Section 6565 * * * and is attributable to appellee's failure to pay the sum of $3,926.36, plus interest, by March 7, 1948, as required by appellant's Notice of Determination under the California Sales and Use Tax Law dated February 6, 1948."

The pertinent portions of the Revenue and Taxation Code, Sales and Use Tax Law of California, are set out in the footnote.[1]

1. Section 6051: "For the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers at the rate of 2½ per cent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail in this State on or after August 1, 1933, and to and including June 30, 1935, and at the rate of 3 per cent thereafter, and at the rate of 2½ per cent on and after July 1, 1943, and to and including June 30, 1945, and at the rate of 3 per cent thereafter."

Section 6451: "The taxes imposed by this part are due and payable to the board quarterly on or before the last day of the month next succeeding each quarterly period."

Section 6452: "On or before the last day of the month following each quarterly period of three months, a return for the preceding quarterly period shall be filed with the board in such form as the board may prescribe.

"For purposes of the sales tax a return shall be filed by every seller. For purposes of the use tax a return shall be filed by every retailer maintaining a place of business in the State and by every person purchasing tangible personal property, the storage, use, or other consumption of which is subject to the use tax, who has not paid the use tax due to a retailer required to collect the tax. Returns shall be signed by the person required to file the return or by his duly authorized agent but need not be verified by oath."

Section 6459: "The board for good cause may extend for not to exceed one month the time for making any return or paying any amount required to be paid under this part. The extension may be granted at any time provided a request therefor is filed with the board in or prior to the period for which the extension may be granted.

"Any person to whom an extension is granted shall pay, in addition to the tax, interest at the rate of one-half of 1 per cent per month, or fraction thereof, from the date on which the tax would have been due without the extension until the date of payment."

Section 6511: "If any person fails to make a return, the board shall make an estimate of the amount of the gross receipts of the person, or, as the case may be, of the amount of the total sales price of tangible personal property sold or purchased by the person, the storage, use, or other consumption of which in this State is subject to the use tax. The estimate shall be made for the period or periods in respect to which the person failed to make a return and shall be based upon any information which is in the board's possession or may come in its possession. Upon the basis of this estimate the board shall compute and determine the amount required to be paid to the State, adding to the sum thus arrived at a penalty equal to 10 per cent thereof. One or more determinations may be made for one or for more than one period."

Section 6561: "Any person against whom a determination is made [as provided in] this chapter [V] or any person directly interested may petition for a redetermination within 30 days after service upon the person of notice thereof. If a petition for redetermination is not filed within the 30-day period, the determination becomes final at the expiration of the period."

Objections were made by the receiver to the penalty items of the claim but not to the amount of the tax, *sans* penalty, or legal interest thereon.[2] The referee, as has been indicated, proceeded to hear the objections to the claim and allowed the first penalty in the sum of $47.54, but disallowed those in the amounts of $293.84 and $350.30. The Board filed a petition for review with the United States District Court but the receiver did not appeal from the allowance of the penalty in the sum of $47.54. The first penalty is not before us, therefore, for allowance or disallowance. The learned District Judge affirmed the referee's determinations respecting the two penalties last referred to and the Board has appealed.

The Board contends that the two later penalties should have been allowed as proper claims against and obligations of the receiver pursuant to the provisions of Sections 959(b) and 960 of Revised Title 28, United States Code Annotated. This position cannot be sustained. The sections referred to are a restatement, albeit with some consolidation, of Sections 124 and 125 of Title 28 U.S.C. (1940 ed.). We will treat the respective acts, therefore, as *in pari materia*. They provide that a receiver in any cause pending in any court of the United States, shall manage and operate the property in his possession according to the requirements of the valid laws of the State in which the property is located and that the receiver shall be subject to all federal, State and local taxes to the same extent as if the business were being conducted by an individual or a corporation. While there is no doubt that the receiver in the instant proceeding was conducting the debtor's, Exeter's, business, the penalties are claimed by the Board because of Exeter's failure to file returns and to pay taxes due the State of California prior to the inception of the Chapter XI proceeding. We emphasize the phrase "and to pay taxes" for there seems to be a suggestion in the

Board's argument that all the receiver had to do was to prepare and file a return to avoid the second penalty. The receiver would not only have had to file a return but also would have had to pay the tax and the first penalty in order to have avoided the impact of Section 6511. See Sections 6451, 6452 and 6565, hereinbefore cited. The first penalty already had been assessed and had accrued when the Chapter XI petition was filed.

As we have said we do not doubt that the receiver was conducting the debtor's business pending the working out of an arrangement. But a link in the chain, vital indeed if the receiver is to be bound and the last two penalties are to be collected, is lacking. We point out that we are not concerned here with taxes which accrued during the receiver's management of the debtor's business. We are dealing with penalties sought to be exacted because the receiver did not file a return and pay taxes and a penalty (the first) which had accrued prior to the inception of the bankruptcy proceeding. The Board seems to take the position that since the receiver conducted the debtor's business, by reason of that fact alone he became liable to penalties on taxes which had accrued prior to the inception of the proceeding. The Board in effect says that the filing of a return under Section 6511 and the paying of taxes and penalties by the receiver was an essential part in the conducting of the debtor's business by the receiver. We cannot agree. If the receiver had only to file a return in order to avoid the impact of section 6511 and the second and third penalties other questions might be presented for our determination. It is enough to state at this point that it was the intention of Congress in enacting Sections 124 and 125 of Title 28 U.S.C. (1940 ed.) and Sections 959(b) and 960 of Revised Title 28, United States Code Annotated, to provide that where a receiver did business he should be liable for *taxes* as to the busi-

---

Section 6565: "All determinations made by the board [as provided in] this chapter [V] are due and payable at the time they become final. If they are not paid when due and payable, a penalty of 10 per cent of the amount of the determination,

exclusive of interest and penalties, shall be added thereto."

2. The amount of the tax with the legal interest has been paid by the debtor's estate.

ness conducted by him to the same extent as any private person or corporation. This was what Congress meant. Cf. Boteler v. Ingels, 308 U.S. 57, 60, 521, 60 S.Ct. 29, 84 L.Ed. 78, 442. In the cited case the fees and penalties, California State Automobile License Fees and Penalties [3] "* * * were incurred by the trustee in operating the bankrupt's business. * * *"

The Board contends also that Section 307 of the Bankruptcy Act, 11 U.S.C.A. § 707, requires the payment of its claim. The section provides in substance that, unless inconsistent with the purpose or terms of an arrangement, the term "creditor" shall include the holders of all unsecured debts, demands or claims of any kind against a debtor and that the terms "debts" or "claims" shall include all unsecured debts, demands or claims whatever, "fixed" or "contingent", whether provable or not provable as debts under Section 63 of the Bankruptcy Act, 11 U.S.C.A. § 103. The Board insists, therefore, that it is a "creditor" and that the penalties are "debts" or "claims" existing at the time its claim was filed, if not fixed, at least, "contingent". But the provisions of Section 307 are applicable "* * * exclusively to the debts to be extended * * *" by the arrangement proposed by the debtor. The Board's claim states, as we have pointed out, that it is entitled to priority of payment under Section 64, sub. a, of the Bankruptcy Act, 11 U.S. C.A. § 104, sub. a. There is nothing in the record to show, or even to suggest, that the Board's "debt" was to be extended. In fact "Class C" of the proposed arrangement set out by Exeter in its Chapter XI petition indicates the contrary.

The receiver contends correctly that Section 57 sub. j,[4] of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, prohibits the assessment or the levying of the penalties against the debtor's Exeter's, estate. The provisions of Section 57, sub. j are written into Chapter XI by reference. See Section 302, 11 U.S.C.A. § 702. That the sums sought to be collected by the Board are penalties cannot be doubted. Sections 6511 and 6565 use the word "penalty" and the intent of the California Legislature is plain. Cf. Meilink v. Unemployment Commission, 314 U.S. 564, 62 S.Ct. 389, 86 L.Ed. 458.

The fallacy of the Board's contentions can be demonstrated, we think, as follows. The Board points out that if the receiver had filed a return and had promptly paid the tax and the first penalty neither the debtor's estate nor he himself, by way of surcharge, could have become liable for the second penalty; that if he had promptly paid the tax and the first and second penalties, neither the estate nor he could have incurred liability for the third penalty. These assertions are sound under the applicable sections of the California law. But to have avoided the second penalty the receiver would have had to pay not only the tax but the first penalty, both of which, as we have said, had become due under the California law prior to the inception of the Chapter XI proceeding. The receiver, however, could not legally have paid the first penalty, the ruling of the referee in the instant case to the contrary. The payment of that penalty was prohibited by Section 57, sub. j, of the Bankruptcy Act.[5] Since the receiver could not legally have paid the tax and the first penalty he could not have avoided the imposition of the second and third penalties [6] under the California law. The

3. C. 362, Calif.Stat. of 1935, p. 1313, as amended. C. 27, Calif.Stat. of 1935, Calif.Vehicle Code, pp. 147, 150–151.

4. Section 57, sub. j, provides: "Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such inter-

est as may have accrued thereon according to law."

5. We do not mean to imply that the sum of $47.54 should not now be paid if it has not already been paid. The first penalty was allowed by the referee and no appeal was taken to the District Court.

6. See the Board's descriptions of the penalties quoted at an earlier point in this opinion.

provisions of Section 57, sub. j, therefore, voided all the penalties.

■ One other point remains for discussion. It will be noted that the respective amounts of the penalties are less than $500. See Sections 24 and 25 of the Bankruptcy Act, 11 U.S.C.A. §§ 47 and 48. The appeal was not allowed by this court though the Board on May 9, 1950, filed with this court a petition for leave to appeal. The order appealed from was dated October 20, 1949 and "judgment" is shown by the record as having been entered October 21, 1949 and "docketed" November 15, 1949. In the instant case, the claims for penalties aggregate more than $500; the claimant, the Board, is a single corporate entity or "individual"; the referee passed upon the claims "as a group or as a whole"; the claimant in effect consolidated its claims in its petition for review without objection by the receiver and Judge Yankwich treated them as if they had been formally consolidated. We, therefore, will adopt the persuasive principle suggested by the Court of Appeals for the Second Circuit, by Judge Frank, in Martin v. Campanaro, 156 F.2d 127, 129, and treat the claims as properly consolidated under Fed. Rules Civ.Proc. rule 42(a), 28 U.S.C.A., the rule which applies here under General Order 37, 11 U.S. C.A. following section 53. We hold, therefore, that we have jurisdiction to hear and adjudicate the appeal.

The judgment is affirmed. The petition for leave to appeal filed by the Board is dismissed as dealing with moot subject matter.