## CALIFORNIA STATE BOARD OF EQUALIZATION v. GOGGIN.

### No. 12727.

United States Court of Appeals
Ninth Circuit.
Aug. 21, 1951.

Rehearing Denied Oct. 26, 1951.

Edmund G. Brown, Atty. Gen., State of Cal., James E. Sabine, Deputy Atty. Gen., Edward Sumner, Deputy Atty. Gen., for appellant.

Leslie S. Bowden, Los Angeles, Cal., for appellee.

Frank C. Weller, Hubert F. Laugharn, Thomas S. Tobin, all of Los Angeles, Cal., as amicus curiae.

Before STEPHENS and POPE, Circuit Judges, and FEE, District Judge.

STEPHENS, Circuit Judge.

On February 5, 1946, West Coast Cabinet Works, Inc., a corporation engaged in manufacturing and selling cabinets at retail in California, filed a petition under Chapter 11 of the Bankruptcy Act[1] and George T. Goggin was appointed receiver. From February 5, 1946, until March 11, 1946, Goggin, as receiver, conducted the business of the corporation under authority of the court, made retail sales, and paid the California sales tax thereon.[2] On March 12, 1946, the corporation was adjudicated a bankrupt and Goggin was appointed trustee. He continued to conduct the business of the bankrupt until March 22, 1946, and paid the California sales tax on retail sales made.

On March 22, 1946, the trustee was directed by order of the court to sell the assets of the estate. In carrying out the order, the trustee made numerous sales of the personal property of the bankrupt and paid the California sales tax thereon. On March 29, 1946, the trustee sold at retail, by public auction, five trucks which had been used by the bankrupt for delivery purposes in the conduct of the business. The California sales tax was not added to the

1. Title 11 U.S.C.A. § 701 et seq.

2. California Revenue and Taxation Code, § 6001 et seq.

purchase price and the sales were not reported in the bankrupt's sales tax return filed by the trustee.

The appellant, California State Board of Equalization, made an additional determination of taxes owing from the trustee based upon the sale of the trucks and notice of the assessment was mailed to the trustee. Upon the trustee's failure to make timely payment, a penalty of ten per cent was added to the amount claimed to be due.[3]

On petition of the trustee, the court granted an order to show cause directing appellant to appear and give reasons why they should not be permanently restrained and enjoined from enforcing the additional assessment. On November 14, 1946, after a hearing on the order to show cause, the referee enjoined the appellant from enforcing against the trustee any of the provisions of the California sales tax claimed to be due as a result of the sale of the trucks. The district judge affirmed the referee's order. In re West Coast Cabinet Works, Inc., D.C.Cal.1950, 92 F. Supp. 636.

 The contention as to lack of jurisdiction is not well taken. The court below had jurisdiction to issue the injunction. Title 11 U.S.C.A. § 11, sub. a (15); State Board of Equalization v. Boteler, 9 Cir., 1942, 131 F.2d 386. Title 28 U.S. C.A. § 41(1), [now Title 28 U.S.C.A. § 1341] which provides that no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any state where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such state did not abridge the power specifically granted to the bankruptcy court to make such judgments as may be necessary for the enforcement of the provisions of the Bankruptcy Act. See Lyford v. City of New York, 2 Cir., 1943, 137 F.2d 782; In re California Pea Products, Inc., D.C.Cal.1941, 37 F.Supp. 658. The process of dealing with state tax assessments is one essential to the administration of a bankruptcy estate and does not amount to a suit against the state. Gardner v. New Jersey, 1947, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504.

Appellant contends that the record establishes that the five trucks were sold by the trustee "during a period in which he was operating the business of the bankrupt * * *." It is averred that this is established by the stipulation entered into between the State Board of Equalization and the trustee, which states that "During the period from March 12, 1946, to May 1, 1946, George T. Goggin, as trustee for said bankrupt, was engaged in the sale of tangible, personal property at retail * * *." The stipulation is not to the effect that sales were made while the business was being conducted. The evidence shows that sales of cabinets were made on April 23, 1946, and on May 14, 1946, after and pursuant to the liquidation order.

 The continued operation of a bankrupt's business is a matter within the sound discretion of the court. Title 11 U.S.C.A. § 11, sub. a (5); R. J. Reynolds Tobacco Co. v. A. B. Jones, Inc., 8 Cir., 1931, 54 F.2d 329. The receiver or trustee is not empowered merely by virtue of his appointment to conduct the business of the bankrupt. In re Richter, D.C.N.Y. 1941, 40 F.Supp. 758. When the court on March 22, 1946 ordered liquidation of the assets, the trustee's authority to conduct the business terminated. The completion and sale of the unfinished cabinets in order that they might be sold as finished pieces did not amount to conduct of the business. In re Duke, D.C.Mo.1924, 15 F.2d 92, 93 (receiver who hired employees for short time to finish caps in order that they might be sold as finished caps rather than pieces of cloth did not "conduct the business").

While it is undisputed, as is indicated by the stipulation and by the record on appeal, that retail sales of personal property were made by the trustee after March

---

3. Consult California State Board of Equalization v. Goggin, 9 Cir., 1950, 183 F.2d 489, certiorari denied 340 U.S. 891, 71 S.Ct. 207.

22, 1946, it is also undisputed that in making the sales, the trustee was liquidating the business. The question remains whether or not the California sales tax applies to liquidation sales of personal property made by a trustee in bankruptcy pursuant to court order.

Similar issues were before us in State Board of Equalization v. Boteler, supra, and a reading of that opinion disposes of many of the contentions urged on this appeal. Appellant states that the above decision no longer has vitality because of certain changes since made in the California Sales and Use Tax law.

The tax measure involved is imposed upon all "retailers." [4] A "retailer" is defined as, inter alia, every *person* engaged in the business of making sales at retail of tangible personal property.[5] In 1945, some years after the decision in State Board of Equalization v. Boteler, supra, Section 6005, which defines those included within the meaning of the word "person", as used in the act, was amended and the words "trustee" and "United States" were added.[6] It is contended that these changes impose the tax upon liquidation sales made by a trustee in bankruptcy through the operation of former Section 124a of Title 28.[7]

We do not feel that the changes made in the California act have the effect which is sought to be placed upon them by appellant. Boteler v. Ingels, 1939, 308 U.S. 57, 521, 60 S.Ct. 29, 84 L.Ed. 78, 442, made it clear that a trustee in bankruptcy *who operates a business,* does so subject to state taxes. The question which is presented here and which was decided in State Board of Equalization v. Boteler, supra, is not whether the tax applies to a trustee in bankruptcy, but whether it applies to sales made by him *in the liquidation of the bankrupt estate pursuant to court order.*

The construction of the California tax is a matter of state law which is binding upon us. Richfield Oil Corp. v. State Board of Equalization, 1946, 329 U.S. 69, 67 S.Ct. 156, 91 L.Ed. 80. The California Supreme Court has stated that the tax measure involved is an excise tax for the privilege of *conducting a retail business,* measured by the gross receipts from sales. Western Lithograph Co. v. State Board of Equalization, 1938, 11 Cal.2d 156, 78 P.2d 731, 171 A.L.R. 838; National Ice & Cold Storage Co. of California v. Pacific Fruit Express Co., 1938, 11 Cal.2d 283, 79 P.2d 380. The fact that the tax has been held applicable to the sale of glasses by an optometrist, Kamp v. Johnson, 1940, 15 Cal.2d 187, 99 P.2d 274, to the sale of used printing equipment in the course of conducting a printing business, Bigsby v. Johnson, 1941, 18 Cal.2d 860, 99 P.2d 268, 118 P.2d 289, to liquor and meals sold by a nonprofit social club to its members, Union League Club v. Johnson, 1941, 18 Cal.2d 275, 115 P.2d 425, and to the transfer of railroad equipment by a railroad corporation primarily engaged in the carriage of freight and passengers, Northwestern Pacific Railroad Company v. State Board of Equalization, 1943, 21 Cal.2d 524, 133 P.2d 400, does not alter the fact that when the trustee in bankruptcy disposed of the trucks here involved "* * * the sale was not made in the course of conducting a business but in the process of putting an end to a business." Los Angeles City High School District v. State Board of Equalization, 1945, 71 Cal.App. 2d 486, 163 P.2d 45, 47, referring to our opinion in State Board of Equalization v.

4. California Revenue and Taxation Code, § 6051.

5. California Revenue and Taxation Code, § 6015, as amended by Cal.Stats., 1943, c. 699, § 3, p. 2455, c. 822, § 1, p. 2620. See later amendment Cal.Stats.1949, c. 728, § 1.5.

6. Cal.Stats.1945, ch. 926, § 1.

7. "Any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after the enactment of this Act, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation * * *." Act of June 18, 1934, c. 585, 48 Stat. 993. See new Title 28 U.S.C.A. § 960, Act of June 25, 1948, c. 646, 62 Stat. 927.

Boteler, supra. See also Coca-Cola Co. v. State Board of Equalization, 1945, 25 Cal.2d 918, 156 P.2d 1; People v. Imperial County, 1946, 76 Cal.App.2d 572, 173 P.2d 352; Schneider v. State Board of Equalization, 1944, 62 Cal.App.2d 463, 145 P.2d 90; People v. Thomas, 1940, 37 Cal.App.2d 155, 99 P.2d 294; Banken v. State Board of Equalization, 1947, 79 Cal.App.2d 572, 180 P.2d 400.

More tenable is the construction that the California tax, as indicated by the California courts in the cases referred to, is geared to the federal statute, which is general in nature, making officers appointed by United States courts liable for state taxes if they "conduct any business".[8] A harmonious application of the federal and state laws here involved leads us to the conclusion that in making the sale of the assets of the bankrupt estate pursuant to court order for the purpose of liquidation, the trustee was not subject to the California sales tax. State Board of Equalization v. Boteler, supra; In re California Pea Products, Inc., supra.

It would be unwise to foster conflict where Congress has manifested a desire for harmony. Any such conflict would necessarily entail an application of the fundamental doctrine that laws enacted pursuant to power delegated to the United States under the Constitution are the supreme law of the land, and state laws inconsistent therewith are to that extent invalid. McCulloch v. Maryland, 1819, 4 Wheat 316, 17 U.S. 316, 4 L.Ed. 579. Our conclusion, however, adheres not only to our former view, State Board of Equalization v. Boteler, supra, but also to the doctrine that where problems in the sphere of dual sovereignty are involved, legislation should receive a construction which permits both to function with a minimum of interference each with the other. Metcalf & Eddy v. Mitchell, 1926, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384.

Affirmed.

JAMES ALGER FEE, District Judge. (concurring).

The power of Congress to pass uniform laws in relation to bankruptcies is paramount. International Shoe Co. v. Pinkus, 278 U.S. 261, 263, 49 S.Ct. 108, 73 L.Ed. 318; U. S. Constitution, Art. I, § 8, cl. 4. The statutes so enacted emphasize the necessity of liquidation in order to make distribution of assets. Congress has given the Bankruptcy Court plenary powers to that end. 11 U.S.C.A. §§ 11, 66; Continental Illinois National Bank & Trust Co. v. Chicago, R. I. & P. R. Co., 294 U.S. 648, 675, et seq., 55 S.Ct. 595, 79 L.Ed. 1110. Acting under these powers, the referee ordered a liquidating sale of certain trucks. A tax on this transaction, whatever form it takes, is a tax on the process of the Court liquidating assets in accordance with constitutional power. In another aspect, it may be considered as a license fee required of a federal officer to make liquidation. In either event, it is void. A tax may be levied upon specific property in the hands of a trustee in bankruptcy. Swarts v. Hammer, 194 U.S. 441, 24 S.Ct. 695, 48 L.Ed. 1060. But no state is empowered to levy taxes upon the process of the courts of the United States or to impede the officers of court in an essential judicial function. McCulloch v. Maryland, 4 Wheat 316, 432, 17 U.S. 316, 432, 4 L.Ed. 579. The District Court held as a fact that the transaction was in the nature of liquidation and was not a state tax upon the business of constructing and selling cabinets conducted by the trustee, who was authorized thereto by the United States Court. 28 U.S.C.A. §§ 959, 960. This finding of fact is binding unless clearly erroneous. Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. Under such conditions, neither enactments of the State of California nor decisions of state courts nor practices of state administrative bodies can burden or impede administration of acts relating to bankruptcies. International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318. The Court had a right to protect its own officers in the discharge of their duties laid down by Congress. Oklahoma v. Texas, 266 U.S. 298, 45 S.Ct. 101, 69 L.Ed. 296; Id., 268 U.S. 472, 45 S.Ct. 609, 69 L.Ed. 1057.

---

8. Title 28 U.S.C.1940 ed. § 124a, see footnote 7, supra.