**CALIFORNIA STATE BOARD OF EQUAL-
IZATION v. SAMPSELL et al.**

No. 12760.

United States Court of Appeals
Ninth Circuit.

May 7, 1952.

Edmund G. Brown, Atty. Gen., James E. Sabine, Deputy Atty. Gen., Edward Sumner, Deputy Atty. Gen., for appellant.

Frank C. Weller, Hubert F. Laugharn and Thomas S. Tobin, all of Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

STEPHENS, Circuit Judge.

This case arose from the consolidation of thirty bankruptcy estates. Paul W. Sampsell, the respondent herein, is trustee for all thirty estates. He is acting for four referees among whom the cases were assigned by four judges of the United States District Court for the Southern District of California. The California State Board of Equalization has from time to time claimed the right to collect the state sales and use taxes upon sales made by trustees in the liquidation of bankruptcy estates. See State Board of Equalization v. Boteler, 9 Cir., 1942, 131 F.2d 386; California State Board of Equalization v. Goggin, 9 Cir., 1951, 191 F.2d 726. In this case, the Board did not assert a claim for

sales taxes on the sales made by the trustee in the liquidation of the thirty bankruptcy estates herein involved. However, the trustee was unwilling to distribute the funds of the various estates for fear that he might later be charged by the Board with personal liability for the non-payment of the state taxes.[1] In these circumstances the trustee petitioned the referee in each estate to issue an order commanding the Board within twenty days to file a verified claim for the payment of the sales tax as an expense of the administration of the estate, or be barred from at any time in the future maintaining or asserting against the respondent, individually or in his capacity of trustee, any such claim. The referees issued thirty separate "bar orders" addressed to the Board.[2]

The Board responded by moving before each referee in exactly the same language, except for the estate title, to set aside, vacate and dismiss the bar order on the ground that the referee had no jurisdiction to issue such an order since it amounted to a suit against the state without its permission in violation of the United States and California constitutions. In each instance the referee denied the motion. The Board then obtained from the district court an order consolidating all of the bar orders for hearing before one district judge. Next the Board made one motion before the district judge to dismiss all thirty of the bar orders which had been issued by the referees. The district judge heard the new motion and denied it in a single order affecting the thirty estates. We are in sympathy with the desire to avoid many separate appeals by the use of this group motion, although it presents doubtful questions which have not been mentioned in the brief record before us. We are of the opinion, however, that it is not necessary to consider them here.

The California State Board of Equalization appeared, presented and submitted its motion in each proceeding to the referee concerned. The orderly and duly provided manner and method of proceeding further when a person is aggrieved by an order of a referee is prescribed by section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, whereby a petition for review to the district court is filed with the referee.[3] After the review has been adjudicated by the district court, the dissatisfied party may

---

1. California Sales and Use Tax Law, Revenue and Taxation Code, §§ 6051, 6711.

2. Prior to the enactment of section 57, sub. n of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n on June 22, 1938, there was no provision in the Bankruptcy Act which required the United States or the states to file proofs of claim for debts arising prior to an adjudication in bankruptcy. Thus, tax claims might be filed at any time during the pendency of the bankruptcy proceeding or even after the distribution of the estate. This often prevented the uninterrupted and expeditious administration of the estate, and subjected the trustee to possible liability to tax claimants. In re Banner Brewing Co., D.C., 1938, 24 F.Supp. 675, 677; 2 Remington on Bankruptcy, 4th ed., § 798. To remedy these obstacles to the efficient administration of the Bankruptcy Act, the bar order technique was developed. The referee would direct in the bar order that any claims which the government might have against the estate of the named bankrupt must be filed within a stated number of days after service of the order, or be forever barred. See People of State of New York v. Irving Trust Co., 1933, 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815.

Section 57, sub. n does not apply to tax claims arising out of the administration of a bankrupt's estate by the trustee. Therefore, the bar order technique is still necessary for the expeditious settlement of bankrupts' estates. If trustees were not able to compel the sovereign powers to present their tax claims or be barred from so doing in the future, the possibility that a state might assess a tax deficiency against an estate after its assets had been distributed and thus subject the trustee to personal liability for the tax could, as in the instant case, result in interminable delay in the closing of bankrupts' estates.

3. "A person aggrieved by an order of a referee may, within ten days after the entry thereof, or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. * * *"

appeal to this court.[4] We are of the opinion that the review procedure set out in the Bankruptcy Act is exclusive, and cannot be by-passed by the method adopted in .this ·case. Grande v. Arizona Wax Paper Co., 9 Cir., 1937, 90 F.2d 801, 805; Patents Process v. Durst, 9 Cir., 1934, 69 F.2d 283, 284.

The order of the court denying the motion of the Board, and, if a separate motion is deemed to have been made in each separate proceeding, then each thereof, is vacated and set aside, and the matter is remanded to the district court to dismiss the motion or motions made by the Board.[5]

Reversed and remanded.

---

4. Section 24, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 47, sub. a.

5. Since this case arose prior to the July 1, 1951 amendment to section 6019 of the California Sales and Use Tax Law, we do not decide what effect the additional definition of a "Retailer" as, inter alia, a trustee in bankruptcy making more than two retail sales of tangible property during any 12-month period, has on the continuing tax controversy between the Board and the trustees. Therefore, if the Board should file its claim for taxes in this case within the time set by the bar order, the allowability of that claim would be governed by the rules set out in

California State Board of Equalization v. Goggin, 9 Cir., 1951, 191 F.2d 726, and State Board of Equalization v. Boteler, 9 Cir., 1942, 131 F.2d 386.