241 F.2d 846
 In the Matter of CHELSEA HOTEL CORPORATION, Debtor,
601 West 26 Corp. and Claire Freidus, Appellants.
 No. 12136.
 United States Court of Appeals Third Circuit.
 Argued March 4, 1957.
 Decided March 8, 1957.
 
 Murray Fredericks, Atlantic City, N. J., for appellants.
 William F. Hyland, Camden, N. J., for appellee.
 Before MARIS and GOODRICH, Circuit Judges, and McILVAINE, District Judge.
 MARIS, Circuit Judge.
 
 
 1
 This is an appeal from an order of the District Court for the District of New Jersey entered in a corporate reorganization proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The debtor is the owner of a large ocean-front hotel in Atlantic City and the appellants are stockholders of the debtor and also claim as creditors. The proceedings followed disagreements between the appellants' group and another group of stockholders, each of which owned one-half of the debtor's stock.
 
 
 2
 It appears that an order for the sale of the hotel at auction had been entered by the court on July 18, 1956 and that on August 29, 1956 an order was entered on the application of the stockholders postponing the sale to permit the completion of a purported settlement by the parties of their disputes which would provide for the payment in full of all proper creditors' claims and administration expenses. The order directed the parties to deposit with the trustee by September 10, 1956 the sum of $550,000 in cash, which was estimated to be the amount required to pay creditors and administration expenses, or a commitment from a financial institution to pay that sum, in default of which the sale was to be held on September 10th.
 
 
 3
 On September 5, 1956 a petition was presented to the court on behalf of the stockholders on which an order was entered the same day, returnable September 19, 1956, to show cause why the hotel property should not be conveyed to a new corporation to be formed by them for a consideration which would include $450,000 in cash and $1,250,000 to be secured by mortage. At the hearing on September 19th the petitioners asserted that $450,000 would be sufficient to pay off the creditors and administration expenses but offered to provide certain security for the payment of any excess. The court accordingly entered an order on September 21, 1956 directing the parties within 10 days to file with the clerk certain financial statements and personal guarantees of individual stockholders, and agreements of subordination of mortgages and assignments of stock to be held by the trustee as security, and fixing October 18, 1956 as the time for a further hearing.
 
 
 4
 At the hearing on October 18th it appeared that certain of the documents called for by the order of September 21st had not yet been filed or provided. Concluding that the petition of September 5th was unsound and noting that the parties had failed to deposit the sum of $550,000 in cash or its equivalent, as directed by the order of August 29, 1956, the court on October 22, 1956 entered the order appealed from which denied the petition of September 5, 1956, discharged the order to show cause issued pursuant thereto, forfeited the sum of $12,500 which had been deposited with the trustee as security for the completion of the proposed settlement pursuant to the order of August 29, 1956, and referred to a referee all matters relating to the proceeding except such as are reserved to a judge by Chapter X of the Bankruptcy Act.
 
 
 5
 The appellants charge that the court was guilty of an abuse of discretion in making the order of October 22nd. They assert that as much as $550,000 in cash was not needed to pay off the claims of creditors and the administration expenses and that the personal indemnity which they offered was adequate to cover any excess of these claims over the $450,000 in cash which they were prepared to deposit. Accordingly, they argue, the court should have granted their petition of September 5th instead of denying it. These are questions which we need not discuss in detail, however, since our examination of the record satisfies us that the district court in rejecting the appellants' contentions with respect to them did not abuse the broad discretion which is conferred upon it in a case of this kind by Chapter X of the Bankruptcy Act.
 
 
 6
 The appellants also seek to appeal from an order of the referee in bankruptcy, to whom the case was referred, directing an auction sale of the debtor's property. We have no jurisdiction to review this order, however, since under Section 39, sub. c, 11 U. S.C.A. § 67, sub. c, of the Bankruptcy Act the order of a referee is reviewable by the District Court and its jurisdiction to review such orders is exclusive. In re David, 3 Cir., 1929, 33 F.2d 748, certiorari denied David v. Hubbard, 280 U.S. 514, 50 S.Ct. 19, 74 L.Ed. 585; In re Miller, 6 Cir., 1940, 111 F.2d 28; California State Board of Equalization v. Sampsell, 9 Cir., 1952, 196 F.2d 252. See MacNeil v. Gargill, 1 Cir., 1956, 231 F.2d 33, certiorari denied 352 U.S. 833, 77 S.Ct. 50, 1 L.Ed.2d 53.
 
 
 7
 Finally the appellants seek to appeal from "The refusal of the Honorable Thomas M. Madden, Judge, to reconsider the order of October 22nd, 1956 on October 31st, 1956". Apparently the appellants presented to Judge Madden of the district court and filed on October 31st a petition to set aside the order of October 22nd and upon reconsideration to grant the relief prayed for in the petition of September 5th. In a letter to counsel for the appellants dated November 2, 1956 Judge Madden discussed the petition of October 31st and stated that he saw no reason for setting aside the order of October 22nd. But we do not find in the record any order by the court denying the petition. Judge Madden directed that a copy of his letter be filed and it may, therefore, be regarded as an opinion filed by the court in the case. But it is settled that an appeal may not be taken from an opinion. It is only the definitive order or judgment which follows the opinion which is reviewable by appeal. Commissioner of Internal Revenue v. Estate of Bedford, 1945, 325 U.S. 283, 65 S.Ct. 1157, 89 L.Ed. 1611; In re D'Arcy, 3 Cir., 1944, 142 F.2d 313; Fast, Inc., v. Shaner, 3 Cir., 1950, 181 F.2d 937. Here it appears that no such order has as yet been entered and that the petition of October 31st is, therefore, technically still pending. Indeed, except for the fact that in bankruptcy interlocutory orders are fully appealable, the pendency of this petition for reconsideration of the order of October 22nd might well affect the appealability of that order. See Kelly v. Pennsylvaia Railroad Co., 3 Cir., 1955, 228 F.2d 727, certiorari denied 351 U.S. 925, 76 S.Ct. 782, 100 L.Ed. 1455.
 
 
 8
 The order of the district court entered October 22, 1956 will be affirmed.