**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1602
_____

CHARLES BELLON,
                    Appellant

v.

SUPERINTENDENT BENNER TOWNSHIP SCI

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:15-cv-00131)
District Judge: Honorable Kim R. Gibson
_____

Argued on November 9, 2023

Before: KRAUSE, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed  January 12, 2024)

Michael Wiseman    **[ARGUED]**
Wiseman & Schwartz
718 Arch Street, Suite 702
Philadelphia, PA 19106
          *Counsel for Appellant*

Ronald Eisenberg
Office of Attorney General of Pennsylvania
1600 Arch Street, Suite 300
Philadelphia, PA 19103

Christopher J. Schmidt       **[ARGUED]**
Office of Attorney General of Pennsylvania
Appeals & Legal Services
Strawberry Square, 16th Floor
Harrisburg, PA 17120
   *Counsel for Appellee*

_____

OPINION[*]

_____

FREEMAN, *Circuit Judge*.

Charles Bellon filed a motion seeking to enforce the District Court's order partially granting his petition for habeas relief. The District Court denied the motion, and Bellon timely appealed. For the reasons set forth below, we will dismiss the appeal as moot.

## I

In 2006, a jury in Blair County, Pennsylvania, convicted Bellon of numerous offenses related to his role in a cocaine trafficking organization. He was sentenced to an aggregate term of 31 to 62 years' imprisonment. That sentence included consecutive terms of 7 to 14 years' imprisonment on each of eleven counts of possession with intent to deliver controlled substances (PWID).

After unsuccessfully challenging his judgment of sentence in state court, Bellon filed a habeas petition in 2015. Among other claims, he argued that the sentence imposed on ten of the PWID counts exceeded the statutory maximum term of 10 years'

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

imprisonment. A magistrate judge recommended relief on this claim, and the Commonwealth of Pennsylvania did not object to the Report and Recommendation (R&R). The District Court adopted the R&R, and in September 2019 it entered an order that stated, in pertinent part: "A writ of habeas corpus shall issue if within 120 days the Court of Common Pleas of Blair County does not impose a new judgment of sentence in which the maximum sentence as to [ten of the PWID counts] is 10 years." App. 26 ("September 2019 Order"). The District Court denied relief on Bellon's other claims.

In January 2020, the Court of Common Pleas reduced Bellon's maximum sentence on each of the relevant PWID counts to 10 years' imprisonment. App. 50 ("[W]e resentence as follows: As to [the relevant PWID counts], the maximum sentence is reduced from fourteen (14) years of incarceration to ten (10) years of incarceration (the statutory maximum) for each of the above mentioned counts."). It did so without conducting a resentencing hearing or making other changes to the initial judgment of sentence. Bellon appealed to the Pennsylvania Superior Court and argued that the sentence imposed in January 2020 was illegal because (1) it reimposed a seven-year mandatory minimum sentence pursuant to a statute that is no longer constitutional, and (2) the court was required to hold a new sentencing hearing. In February 2021, the Superior Court affirmed the judgment of sentence.

In March 2021, Bellon filed a motion in his habeas corpus action that he captioned "Rule 70 Motion for Enforcing the Judgment of Immediate Release." W.D. Pa. No. 15-cv-00131, Dkt. 99. He argued that the District Court's September 2019 Order required the Court of Common Pleas to vacate his judgment of sentence and conduct a plenary

3

resentencing hearing. He contended that the Common Pleas Court had failed to comply when it merely altered his sentence, so he asked the District Court to order his release from custody. A magistrate judge recommended that the motion be denied because it was based on a misreading of the September 2019 Order. The District Court agreed and denied relief. Bellon timely appealed.

II

We directed the parties to address whether a certificate of appealability was necessary to proceed with this appeal. Ordinarily we would need to resolve that jurisdictional question at the outset. But we need not do so here because we dismiss the appeal for a distinct jurisdictional reason: It is moot. *See Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003) (explaining that mootness divests us of jurisdiction to consider an appeal); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999) (stating that there is no mandatory "sequencing of jurisdictional issues" and courts can "choose among threshold grounds for denying audience to a case on the merits").

In the September 2019 Order, the District Court gave the Court of Common Pleas 120 days to "impose a new judgment of sentence" in which the maximum sentence on each of the relevant PWID counts is 10 years' imprisonment. App. 26. As Bellon's counsel conceded at argument, the Court of Common Pleas imposed a new judgment of sentence when it issued its January 2020 order. Oral Argument at 00:23:45-49, https://www2.ca3.uscourts.gov/oralargument/audio/221602Bellonv.SuperintendentBen nerTwpSCI.mp3 (acknowledging that the January 2020 order "is a new judgment of

4

sentence"). Because the Court of Common Pleas already complied with the District Court's September 2019 Order, Bellon's motion to enforce is now moot. *See In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003) (stating that a case is moot, and presents no case or controversy, "if the issues presented are no longer 'live.'" (quoting *In re Kulp Foundry, Inc.*, 691 F.2d 1125, 1128 (3d Cir. 1982)).[1]

Bellon also argues in his appellate brief that the January 2020 judgment of sentence is unlawful, both because of the sentence imposed and because of the procedures the court used (or failed to use) before imposing the judgment. But any claims challenging the January 2020 judgment of sentence must be raised in a new habeas petition that challenges that judgment. *Cf. Magwood v. Patterson*, 561 U.S. 320, 331–33 (2010) (holding that a habeas petition challenging a new judgment of sentence is a first habeas petition).[2] We cannot address those claims here.

\* \* \*

For the foregoing reasons, we will dismiss the appeal as moot.

---

[1] Bellon contends that the Court of Common Pleas was required to vacate his sentence. But the District Court's September 2019 Order did not require that. *Cf. De Ritis v. McGarrigle*, 861 F.3d 444, 453 n.6 (3d Cir. 2017) ("[A]n appeal is taken with respect to 'the definitive order or judgment which follows the opinion,' not the opinion itself." (quoting *In re Chelsea Hotel Corp.*, 241 F.2d 846, 848 (3d Cir. 1957)).

[2] In March 2022, Bellon filed a habeas petition challenging his new judgment. That petition is stayed in the District Court.