**CALIFORNIA STATE BOARD OF EQUALIZATION, Appellant,**

v.

**George T. GOGGIN, Trustee of the Estate of Columbia Stamping and Manufacturing Corporation, Bankrupt, Appellee.**

**No. 14917.**

United States Court of Appeals Ninth Circuit.

Jan. 14, 1957.

Writ of Certiorari Denied May 13, 1957. See 77 S.Ct. 863.

Edmund G. Brown, Atty. Gen., State of Cal., James E. Sabine, Asst. Atty. Gen., Ernest P. Goodman, Deputy Atty. Gen., for appellant.

Frank C. Weller, Russell B. Seymour, Los Angeles, Cal., for appellee.

Before LEMMON, FEE and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

The State Board of Equalization was restrained from collecting from George T. Goggin, as Trustee in Bankruptcy, or from a purchaser from him, any tax or debt based upon a sale of tangible personal property, sold in liquidation of the estate. The Referee held that the imposition was a burden upon the process of officers liquidating an estate in bankruptcy. The District Judge adopted and amended the findings of the Referee and confirmed the order of restraint.

This Court has many times dealt with like questions at the insistence of the state authorities.[1] The last time the problem came up in this Court,[2] the taxing statute was in the exact terms which it now contains,[3] as was the congressional law permitting officers of the bankruptcy court to pay taxes to the state for acts done in the conduct of the business.[4] We then held that a state tax upon a sale of tangible property under an order of the bankruptcy court directing liquidation was a levy upon the process of a court of the United States and a burden upon its officers in an essential judicial function. This was based upon findings of fact made in that case by the Referee and affirmed by the District Judge.[5]

Essentially, as applied to a liquidation sale in bankruptcy, this tax constitutes a burden on the process of liquidation. Whether the phrasing of the law imposes a liability directly upon the Trustee to pay a sales tax or indirectly places the burden upon the Trustee by naming the imposition a use tax, which the purchaser at a liquidating sale must pay, the net effect is identical.

 The rationale of the opinions in the most recent decisions of this Court on this power is that any impost upon the essential liquidation process of the bankruptcy court is void.[6] This has been the consistent policy and holding of this Court.[7] Fact findings of the referees and the trial courts that such a tax was a burden have been consistently affirmed. This Court should respect and follow our previous opinions. The trial courts are entitled to rely upon such earlier pronouncements. It may be objected that, in the last case before us, this clause relating to a use tax imposed upon the purchaser was not directly passed upon. As pointed out above, the situation was identical, and those opinions ruled broadly that no burden could be placed on a liquidating sale in bankruptcy. Here the Board is really presenting another argument which might have been made in the previous case. In practice, if the sales tax were levied upon the Trustee, he would necessarily have passed the tax on to the purchaser. The same result is attained by taxing the purchaser and requiring the Trustee to collect[8] or collecting the impost from the purchaser.[9] All these devices are proscribed as to liquidating sales in bankruptcy.

1. See California State Board of Equalization v. Goggin, 9 Cir., 191 F.2d 726, 27 A.L.R.2d 1211, certiorari denied 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680; State Board of Equalization of State of California v. Boteler, 9 Cir., 131 F.2d 386; Ingels v. Boteler, 9 Cir., 100 F.2d 915, affirmed Boteler v. Ingels, 308 U.S. 57, 60 S.Ct. 29, 84 L.Ed. 78. Cf. California State Board of Equalization v. Goggin, 9 Cir., 183 F.2d 489.

2. This was in 1951, in California State Board of Equalization v. Goggin, 9 Cir., 191 F.2d 726, 27 A.L.R.2d 1211, certiorari denied 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680.

3. See Cal.Stat., Revenue and Taxation Code, West's Ann.Rev. & Tax.Code, § 6051, sales tax; § 6201, use tax.

4. 28 U.S.C.A. § 960.

5. California State Board of Equalization v. Goggin, 9 Cir., 191 F.2d 726, 27 A.L.R. 2d 1211, certiorari denied 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680.

6. California State Board of Equalization v. Goggin, supra, Note 5.

7. See cases cited in Note 1.

8. See Cal.Stat., Revenue and Taxation Code, West's Ann.Rev. & Tax.Code, § 6203, which imposes upon a "retailer" who is "making sales" the duty to collect the use tax, when due, from the purchaser, and § 6204, which provides that the "tax required to be collected by the retailer constitutes a debt owed by the retailer to this State."

9. See Cal.Stat., Revenue and Taxation

Whatever the protean forms of a statute may be, or whatever subtle ingenuity of legislative tax advisors may suggest now or in the future, the tax is in fact based upon the sale; the sale is for the essential purpose of liquidating; the liquidation process was burdened thereby. The paramount authority in the bankruptcy field can be limited only by Congress. But, since Congress has already designated sales in the course of operation of a business as the sole area where the state is permitted to impose a tax of any type,[10] essential sales in liquidation are inevitably free from such imposition.

It is said that such a decision would be contrary to City of New York v. Jersawit, 2 Cir., 85 F.2d 25, upholding a sales tax against the purchaser and requiring the trustee to withhold the amount on a liquidating sale. This opinion is not binding upon us. It has been in the books while each appeal on similar questions has been prosecuted here. There was no history of holdings of the referees and the District Courts that such a tax was in fact a burden on the liquidating process, as there is here. The decision in that case treated the problem as one in constitutional law,[11] while this Court has always viewed the matter pragmatically, although recognizing the constitutional aspects.

The former opinions of this Court drew an exact distinction between sales "in the conduct of any business" and sales in the liquidation of the bankrupt estate pursuant to court order.[12] Such a distinction is sound and well founded. It would be unquestionably conceded that, if the bankruptcy court had ordered a sale in liquidation of this same property immediately after Goggin qualified as a Trustee and the same property had then been sold, there would have been no tax thereon due from anyone, whether called "sales tax," "use tax" or "excise tax" under the selfsame statutes of the state.

Now the cardinal purpose of the acts relating to bankruptcies is to liquidate the property of the debtor in order to accomplish equitable distribution of his assets to his creditors. Any act which hinders, delays or burdens the accomplishment of this vital purpose constitutes an unlawful interference with the process of the court of bankruptcy and is invalid. Here there is an express finding that these particular sales were pursuant to a court order directing liquidation. The tax in question was declared invalid because it burdened this essential process.

However, at the risk of cumulative iteration, the matter will be reexamined. The power of Congress to pass uniform laws in relation to bankruptcies is paramount and supreme under the Federal Constitution. The federal courts, empowered by such legislation in bankruptcy, have never attempted arbitrarily to set off property in possession of their officers as sacrosanct and thus immunized from state taxation. Permission to levy general taxes upon property in possession of trustees in bankruptcy has never been denied. Congress passed a specific statute relative to a trustee engaging in business in order to conform to the burdens borne by other members of particular business communities. This enactment reads:

"Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to

---

Code, West's Ann.Rev. & Tax.Code, § 6202, which imposes primary liability on the buyer for payment of the use tax on "tangible personal property purchased from a retailer" unless the seller has previously given the buyer a receipt therefor.

10. 28 U.S.C.A. § 960.

11. The court nowhere referred to 28 U.S. C.A. § 124a, now 28 U.S.C.A. § 960.

12. Compare Ingels v. Boteler, 9 Cir., 100 F.2d 915, affirmed sub. nom., Boteler v. Ingels, 308 U.S. 57, 60 S.Ct. 29, 84 L.Ed. 78, with State Board of Equalization of State of California v. Boteler, 9 Cir., 131 F.2d 386.

the same extent as if it were conducted by an individual or corporation." 28 U.S.C.A. § 960.

The Trustee in this case has paid sales or use taxes to the state during the period in which he operated the business of the Columbia Stamping and Manufacturing Corporation for seven years under this statute. But the agents of the state are not satisfied, but desire to foster conflict between state and federal authorities. We admonished them in our former opinion that this is an unwise course of procedure. We said:

"It would be unwise to foster conflict where Congress has manifested a desire for harmony. Any such conflict would necessarily entail an application of the fundamental doctrine that laws enacted pursuant to power delegated to the United States under the Constitution are the supreme law of the land, and state laws inconsistent therewith are to that extent invalid. McCulloch v. Maryland, 1819, 4 Wheat. 316, 17 U.S. 316, 4 L.Ed. 579. Our conclusion, however, adheres not only to our former view, State Board of Equalization v. Boteler, supra, but also to the doctrine that where problems in the sphere of dual sovereignty are involved, legislation should receive a construction which permits both to function with a minimum of interference each with the other. Metcalf & Eddy v. Mitchell, 1926, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384." California State Board of Equaliaztion v. Goggin, 9 Cir., 191 F.2d 726, 730, 27 A.L.R.2d 1211, certiorari denied 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680.

■ The trial court treated this opinion as a precedent binding upon it in the instant case. For the reasons set out above, this conclusion is affirmed. The facts in the present case are parallel to those in the previous decision. The Board is really arguing a different theory of the incidence of the tax. Now they say they are pursuing Goggin personally because he failed as Trustee in Bankruptcy to collect the amount due to the state from the purchaser and, failing that, they may collect from the purchaser.

This argument, as well as all others relating to taxes arising from liquidation sales, is really concluded by the previous case. It could have been raised there on parallel facts between the same parties. If it is not res adjudicata, the doctrine of stare decisis might well control our action.

There is considerable sophistry in the definition whereby the Trustee and the purchaser are claimed to be liable for any tax on such a transaction, as was pointed out in our previous opinion. Neither the Trustee nor the purchaser would be liable upon a liquidation sale alone.

"The tax measure involved is imposed upon all 'retailers.' A 'retailer' is defined as, inter alia, every *person* engaged in the business of making sales at retail of tangible personal property. In 1945, some years after the decision in State Board of Equalization v. Boteler, supra, Section 6005, which defines those included within the meaning of the word 'person', as used in the act, was amended and the words 'trustee' and 'United States' were added. It is contended that these changes impose the tax upon liquidation sales made by a trustee in bankruptcy through the operation of former Section 124a of Title 28." California State Board of Equalization v. Goggin, 9 Cir., 191 F.2d 726, 729, 27 A.L.R.2d 1211, certiorari denied 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680.[13]

In other words, if the Trustee had never carried on the business and made

13. Since this case was argued, an additional definition of "retailer" has been added. Cal.Stat., Revenue and Taxation Code, West's Ann.Rev. & Tax.Code, § 6019, Stats.1951, c. 870, p. 2389, § 1.5. It seems to add little, however, as it depends on the making of "retail sales." Similarly, § 6005 has been amended, Stats.1951, c. 870, p. 2389, § 1, to include "trustee in bankruptcy."

retail sales, no one could be taxed on a liquidation sale, whatever the impost was called. A court of bankruptcy cannot be controlled by the declaration that a person engaged in making retail sales becomes a 'retailer' and thereby purchasers from him become liable to pay and he to collect this tax on liquidation sales not only on his stock of goods but upon sales of his furniture, fixtures and equipment. The fact that the state may hold this statute reasonable as to its citizens does not change the nature of a sale pursuant to an order of liquidation of a bankruptcy court into an ordinary sale in the conduct of business.[14] The power of Congress is paramount. And the distinction between sales "in the course of business" and "in liquidation" is real and patent.

Affirmed.

---

14. In a case such as the instant one, this Court is not bound by the state construction of the California tax. That construction is, as the Supreme Court said in Richfield Oil Corporation v. State Board, 329 U.S. 69, 84, 67 S.Ct. 156, 164, 91 L.Ed. 80, "not determinative of the question of whether the tax deprives the taxpayer of a federal right. That issue turns not on the characterization which the state has given the tax, but on its operation and effect." Compare Market Street Railway Co. v. California State Board of Equalization, 137 Cal.App.2d 87, 99, 290 P.2d 20, and Sutter Packing Co. v. State Board of Equalization, 139 Cal.App.2d 889, 893, 294 P.2d 1083, where the view is expressed that the state courts are not bound by federal holdings in the matter of interpretation of state tax provisions.