### Duane DOOLITTLE

v.

### Ernest H. JOHNSON, State Tax Assessor.

Supreme Judicial Court of Maine.

March 10, 1969.

David A. Nichols, Camden, for plaintiff.

Jon R. Doyle, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This is an appeal by the State Tax Assessor from the judgment of the Superior Court holding on appeal that the assessment of a sales tax on the sale of boats through the appellee Duane Doolittle as a broker was null and void. The motion for summary judgment by the broker was granted and a like motion by the assessor was denied.

The issues are stated by the assessor in his brief as follows:

"1. Whether the Appellee, registered as a retailer under the Sales Tax Law and engaged in the business of making sales at retail must pay a sales tax on the sale of boats sold through him as a broker.

"2. Whether a levy of sales tax on Appellee, as a registered retailer, is based on a classification that is discriminatory."

The pertinent parts of the Sales and Use Tax Law (36 M.R.S.A. § 1751 et seq.) are set forth below.[1]

In the Superior Court the present appellee Duane Doolittle was the appellant and the present appellant State Tax Assessor was the appellee. From the opinion of the Justice below we quote:

"Appellant, an individual doing business as KNOX MARINE EXCHANGE, was a registered retail seller during the period of the tax assessment levied by the State Tax Assessor, doing business at Camden, Maine engaged as a boat broker and seller of marine supplies. During the period from November 1, 1962 to October 31, 1964, appellant processed nu-

---

1. § 1752
"11. *Retail sale or sale at retail.* * * The term 'retail sale' or 'sale at retail' does not include any sale by an executor or administrator in the settlement of an estate, unless such a sale is made through a retailer, or unless such sale is made in the continuation or operation of a business; nor does the term include any other isolated transaction in which any tangible personal property is sold, transferred, offered for sale or delivered by the owner thereof, such sale, transfer, offer for sale, or delivery not being made in the ordinary course of repeated and successive transactions of a like character by such owner, such transactions being elsewhere sometimes referred to as 'casual sales'. *'Casual sale' shall not include any*

*transaction in which tangible personal property is sold, transferred or offered for sale by a representative for the owner's account when such representative is a registered retailer, in which event such registered retailer shall have the same duties respecting such sale as if he had sold on his own account* * * *" (Emphasis supplied)
"13. *Sale.* 'Sale' means any transfer, exchange or barter, in any manner or by any means whatsoever, for a consideration in the regular course of business * * *"
"§ 1763. *Presumptions*
The burden of proving that a transaction was not taxable shall be upon the person charged with tax liability."

merous sales of boats and yachts in his capacity as a broker and on November 30, 1964, the State Tax Assessor made an assessment of $4,860.41 against appellant which included sales taxes, interest and penalties on the basis that the sales of such boats and yachts were retail sales subject to the payment of sales taxes * * *"

"Appellee has attached to his motion for summary judgment affidavits supporting the sales of boats and yachts upon which the assessments were made. These sales are not denied or disputed by the appellant, except as to the amount of the sale to John Gordon Boyd. * * * In each instance the owner of the boat or yacht listed such vessel with the appellant for sale and as a result of the efforts of the appellant, such boat or yacht was sold, the appellant receiving a commission from the owner (seller) based upon a percentage of the sales price."

" * * * No sale was made by the appellant. His was the conduct of an independent broker whose responsibility to enable him to claim compensation was to produce through his efforts a buyer ready, willing and able to purchase the personal property from the owner, and assuming that he had fulfilled all the requirements imposed upon a broker by the law, he would be entitled to his commission notwithstanding the completion or failure of a sale. Appellant had no title or incidents of ownership; no sale was consumated until the buyer's offer was submitted to the owner where there was a counter-offer, or when the buyer's acceptance was made known to the seller and the seller accepted such counter-offer, if any, executed a bill of sale to the purchased and the boat was delivered. Any sale was a sale by the owner and not by the appellant and in whatever way the appellant participated in the processing of the sale, his efforts were merely preparatory to the sale and not a *sale* for the owner's account."

Under Section 1752, subd. 11 the sale by each owner of his boat through the appellee broker was a "casual sale" and hence not taxable, unless the transaction was excluded from the category of "casual sale" by the clause emphasized. There is not the slightest suggestion that the sales were other than isolated transactions on the part of the owners.

The appellee broker was also a registered retailer selling marine supplies. On this single fact—registration as a retailer—rests the claim of the appellant assessor for a sales tax on the boats.

In our opinion the sales of boats negotiated by the appellee broker were not transactions of the nature brought within taxable retail sales by the Legislature. The "casual sale" exclusion provision covers only sales otherwise casual by a registered dealer in the *ordinary course of business*. The customer may or may not know whose goods he is purchasing. Usually it would be a matter of indifference to him in dealing with the retailer.

In the case before us, the appellee as a broker was not conducting his retail business in marine supplies. As a broker he negotiated sales between owners and purchasers with a commission on the sale for his services. The ordinary course of his business as a retailer did not include his services as a broker.

The appellee's brokerage business taken alone did not bring him within reach of the sales tax. His liability for tax was not increased by his registration as a retail dealer.

It is unnecessary that we consider the constitutionality of the "casual sale" exclusion provision in light of our construction of the statute.

The entry will be

Appeal denied.

MARDEN and WEATHERBEE, JJ., do not concur.