In re SHELDON'S INC. OF MAINE, Debtor.

Edgar S. CATLIN, III, Esq., Trustee/Plaintiff,

v.

STATE OF MAINE, BUREAU OF TAXATION, Defendant/Third Party Plaintiff,

v.

Richard W. OLIVER, Third Party Defendant.

Bankruptcy No. 282–00015.
Adv. No. 282–0078.

United States Bankruptcy Court, D. Maine.

March 28, 1983.

James A. Buckley, Asst. Atty. Gen., Bureau of Taxation, Augusta, Me., for defendant/third party plaintiff.

Thomas Ainsworth, Portland, Me., for third party defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this adversary proceeding, the trustee of the estate of Sheldon's Incorporated of Maine seeks a determination that no sales tax is due the State of Maine on a bankruptcy liquidation sale. By third party complaint, the State of Maine seeks to hold the auctioneer presiding over the liquidation sale personally liable for the sales tax. In the alternative, by counterclaim, Maine demands the tax from the estate as an administration expense. Finally, the auctioneer filed a crossclaim against the trustee for the amount of any sales tax that the auctioneer is determined to owe.

The parties have stipulated the facts. On January 18, 1982, Sheldon's filed a petition under chapter 7 of the Bankruptcy Code. Pursuant to court order, the trustee operated the debtor's business from that date until January 20, 1982. Undisputedly, sales tax is owed to the State of Maine for the period during which the business was in operation. Operations ceased January 20, 1982.

On February 11, 1982, the court authorized the trustee to sell the debtor's assets at a liquidation sale under 11 U.S.C.A. § 363(b) (1979). The trustee employed Richard W. Oliver, an auctioneer, as a professional person to assist in liquidating the assets. Oliver is a registered retailer, doing business as an auctioneer, under title 36, § 1754 of the Maine Statutes. Me.Rev.Stat.Ann. tit. 36, § 1754 (1978 & Supp.1982–1983). On December 30, 1980, the State of Maine Bureau of Taxation mailed a revised Auctioneers Sales and Use Tax Instruction Bulletin No. 15 to all registered retailers doing business as auctioneers. The bulletin states that bankruptcy liquidation sales are subject to sales tax.

Acting under the court's liquidation order, Oliver commenced sale of the debtor's assets. On the third day of the sale, after nearly $37,000 worth of assets had been sold, the Bureau of Taxation notified Oliver that sales tax should be collected. Upon instruction of the trustee, the sale continued for another four days and no tax was collected. Proceeds totalled $62,502.26.

The trustee and Oliver argue the Maine law does not impose sales tax on the proceeds of bankruptcy liquidation sales and that any attempt to impose such a tax would be unconstitutional.[1] The parties agree that the sole issue before the court is whether the State of Maine may impose sales tax on a court ordered bankruptcy liquidation sale. The court concludes that it may not.

### The Maine Sales Tax Law

Maine imposes a 5% tax "on the value of all tangible personal property ... sold at retail." Me.Rev.Stat.Ann. tit. 36, § 1811 (1978). The law requires retailers to pay this tax. *Id.* Any person required to register by section 1754 is a retailer. *Id.* § 1752(10), 1754 (1978 & Supp.1982–1983).

Sale at retail is defined as "any sale of tangible personal property, in the ordinary course of business." *Id.* § 1752(11) (Supp. 1982–1983). Although the phrase "in the ordinary course of business" is not defined in the statute, section 1752(11) does state that the term sale at retail does not include isolated transactions "in which any tangible personal property is sold ... by the owner thereof, such sale ... not being made in the ordinary course of repeated and successive transactions of a like character by such owner, such transactions being elsewhere sometimes referred to as 'casual sales.'" Thus, casual sales are not considered sales at retail. However, section 1752(11) goes on to state:

"Casual sale" shall not include any transaction in which tangible personal property is sold ... by a representative for the

---

owner's account when such representative is a registered retailer, in which event such registered retailer shall have the same duties respecting such sale as if he had sold on his own account.

Registered retailers making sales for an owner's account must collect sales tax.

It is undisputed that the property sold at the debtor's liquidation sale was tangible personal property and that the auctioneer employed by the trustee was a registered retailer. The trustee argues, however, that a bankruptcy liquidation sale is not a sale at retail. It is clear from the definition of sale at retail in section 1752(11) that the term includes a bankruptcy liquidation sale where a registered retailer sells property for the account of the estate of the bankrupt. Thus, Maine law imposes a sales tax of 5% on the proceeds of the debtor's liquidation sale. *But cf. Doolittle v. Johnson*, 250 A.2d 822 (Me.1969) (sales through boat broker not retail sales when broker merely finds purchasers and owners complete sales).

The accuracy of this interpretation is further supported by the consistent construction of the statute by the Bureau of Taxation. In its instruction bulletin for auctioneers, the Bureau of Taxation states, "[l]iquidation sales of tangible personal property sold by an auctioneer, by order of the bankruptcy court ... are subject to the sales tax." Sales Tax Section, State of Maine Bureau of Taxation, Auctioneers Sales and Use Tax Instruction Bulletin No. 15 (October 27, 1980).

## State Taxation of Bankruptcy Liquidation Sales [2]

The United States Constitution gives the United States Congress the exclusive power to establish "uniform laws on the subject of Bankruptcies." U.S. Const. art. I, § 8, cl. 4. Pursuant to this power, Congress enacted the Bankruptcy Code of 1978. In the Code, Congress gave bankruptcy trustees under chapter 7 the primary duty of collecting and reducing "to money the property of the estate for which such trustee serves, and [closing] up such estate as expeditiously as is compatible with the best interest of the parties in interest." 11 U.S.C.A. § 704(1) (1979). Trustee's have the power to sell property of the estate and to employ professional persons, such as auctioneers, in order to carry out this essential liquidation function. 11 U.S.C.A. § 363(b), 327(a) (1979).

■ In *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 326–27, 4 L.Ed. 579 (1819), the United States Supreme Court declared that laws passed pursuant to the United States Constitution are the supreme law of the land and that inconsistent state laws are invalid. *See* U.S. Const. art. VI. A state law which burdens the essential liquidation process of the bankruptcy courts must yield to Congress' paramount authority in the bankruptcy field. *California State Board of Equalization v. Goggin*, 245 F.2d 44, 46 (9th Cir.), *cert. denied*, 353 U.S. 961, 77 S.Ct. 863, 1 L.Ed.2d 910 (1957) (hereinafter *Goggin II*).

2. The Bureau of Taxation argues that 28 U.S. C.A. § 960 (1968) specifically allows such taxation. This contention is without merit.

Section 960 provides: "Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such businesses to the same extent as if it were conducted by an individual or corporation." The purpose of section 960 is to eliminate the competitive advantage which would be given to businesses operated under court order if they were exempt from taxes. H.R.Rep. No. 1138, 73d Cong., 2d Sess. (1934); *Palmer v. Webster & Atlas National Bank*, 312 U.S. 156, 163, 61 S.Ct. 542, 545, 85 L.Ed. 652 (1940). Congress limited the scope of the section to officers and agents *conducting* businesses. A bankruptcy trustee who liquidates the assets of a bankruptcy estate under court order is not conducting a business. Therefore, section 960 is not applicable. *See, e.g., California State Board of Equalization v. Goggin*, 191 F.2d 726, 730 (9th Cir. 1951), *cert. denied*, 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680 (1952); *Babb v. Oklahoma (In re Rhea)*, 17 B.R. 789, 790–92 (Bkrtcy.W.D.Okl. 1982); *In re Samoset Associates*, 14 B.R. 408, 413–14, 5 C.B.C.2d 1052, 1057–58 (Bkrtcy.D. Me.1981). *But cf. Missouri v. Gleick*, 135 F.2d 134, 136–37 (8th Cir.1943) (unemployment compensation); *In re Mid America Co.*, 31 F.Supp. 601, 606 (S.D.Ill.1939) (unemployment compensation).

State tax laws which impose sales tax on court ordered bankruptcy liquidation sales burden the chapter 7 liquidation process. *Id.; California State Board of Equalization v. Goggin*, 191 F.2d 726 (9th Cir. 1951), *cert denied*, 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680 (1952); *Babb v. Oklahoma (In re Rhea)*, 17 B.R. 789 (Bkrtcy.W.D.Okl. 1982); *In re Gene Adams Funeral Service, Inc.*, Bankr.L.Rep. (CCH) ¶ 63,455 (U.S.Dist. Ct.W.D.Okla.1970) (summary); *In re Payne*, Bankr.L.Rep. (CCH) ¶ 58,101 (U.S.Dist.Ct. N.D.Ohio 1953) (summary). *Contra, Blackmon v. Nichols (In re Hatfield Construction Co.)*, 494 F.2d 1179 (5th Cir.1974); *City of New York v. Jersawit (In re Leavy)*, 85 F.2d 25 (2d Cir.1936). The imposition of sales tax is not only administratively burdensome but also economically detrimental to the bankruptcy estate.

The attempt by the State of Maine to place the tax incidence on the auctioneer does not affect this conclusion. The court in *Goggin II* found state sales tax burdensome whether it was called a sales tax or a use tax and whether the trustee collected it or the purchaser remitted it directly to the state. As stated by the Court of Appeals for the Ninth Circuit,

> Whatever the protean forms of a statute may be, or whatever subtle ingenuity of legislative tax advisors may suggest now or in the future, the tax is in fact based upon the sale; the sale is for the essential purpose of liquidating; the liquidation process was burdened thereby. The paramount authority in the bankruptcy field can be limited only by Congress.

*Goggin II*, 245 F.2d at 46.

An appropriate order will be entered.