750 F.2d 887
 11 Collier Bankr.Cas.2d 1312, Bankr. L. Rep. P 70,223
In the Matter of CUSATO BROTHERS INTERNATIONAL, INC., Bankrupt.
GREAT AMERICAN BANK OF BROWARD COUNTY, Plaintiff-Appellant,
v.
James B. McCRACKEN, Trustee and State of Florida,
Defendants-Appellees.
 No. 84-5191.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 15, 1985.
 
 Reggie David Sanger, Mary Ellen Shooemaker, Fort Lauderdale, Fla., for plaintiff-appellant.
 Harold F.X. Purnell, Tallahassee, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GODBOLD, Chief Judge, HILL, Circuit Judge, and PECK*, Senior Circuit Judge.
 JOHN W. PECK, Senior Circuit Judge:
 
 
 1
 This is an appeal from the judgment of the district court reversing the bankruptcy court. Cusato Brothers, a corporation licensed by the State of Florida as a beer and wine wholesale distributor, filed a voluntary bankruptcy petition in June 1982; the case was subsequently converted to a Chapter 7 proceeding. The trustee, James B. McCracken, liquidated the debtor's beer and wine inventory pursuant to court order. After liquidation, Great American Bank of Broward County, a secured creditor, filed a complaint for declaratory and injunctive relief wherein it asked the bankruptcy court to rule on whether the proceeds of the liquidation sale of the debtor's inventory were subject to Florida excise taxes. Florida statute Sec. 563.05 levies an excise tax on manufacturers, distributors and vendors of malt beverages and Sec. 564.06 imposes an excise tax upon manufacturers and distributors of wine. Under Fla.Stat. Sec. 561.50(1), all excise taxes are collected at the distributor level rather than at the retail level. The bankruptcy court found that the trustee for the debtor was not liable for excise taxes levied pursuant to Fla.Stat. Secs. 563.05 and 564.06. The district court reversed. We reverse the judgment of the district court and affirm the judgment of the bankruptcy court.
 
 
 2
 The issue before this court is whether the sales conducted by the trustee in liquidating the debtor's inventory are subject to Florida excise taxes. A threshold question, not directly addressed by the district court, is whether the sales in question are subject at all to the Florida excise tax. As noted supra, Fla.Stat. Secs. 563.05 and 564.06 impose excise taxes upon manufacturers, distributors, and vendors of beer and wine. The statutes do not specifically include bankruptcy trustees. Because Florida law forbids the sale of any alcoholic beverages within the state without a license, the district court apparently considered the trustee to be operating under the authority granted to Cusato Brothers by the State of Florida to operate as an alcoholic beverage distributor. We have not been persuaded that Secs. 563.05 and 564.04 do not apply to the transactions in question; therefore, we do not dispute the assumption of the district court that the trustee acted as a distributor subject to Florida law in conducting the liquidation sales.
 
 
 3
 Title 28 U.S.C. Sec. 959(b) requires a trustee to manage and operate the property in his possession in accordance with the applicable state law.[1] Title 28 U.S.C. Sec. 960 states:
 
 
 4
 Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such businesses to the same extent as if it were conducted by an individual or corporation.
 
 
 5
 Since we agree that the trustee acted as a distributor for purposes of Fla.Stat. Secs. 563.05 and 564.06, the question presented becomes whether the trustee was "conducting any business" within the purview of 28 U.S.C. Sec. 960 in liquidating the debtor's inventory.
 
 
 6
 The bankruptcy court held that the trustee in bankruptcy who liquidated the assets of the bankruptcy estate was not "conducting any business" and thus the estate was not subject to tax liability. The district court, however, adopted the view that the trustee in the instant case took possession of the debtor's alcoholic beverage inventory subject to conditions and restrictions imposed by Florida law. The district court stated:
 
 
 7
 The unique nature of the business and the trustee's actions indicate that in liquidating the beverage assets, the trustee was actually conducting the function of the bankrupt, to wit, distributing alcoholic beverages to licensed vendors or wholesalers for future sales.
 
 
 8
 The district court took note of the highly regulated nature of alcoholic beverage transactions in concluding that, under 28 U.S.C. Sec. 959(b), the sale of the debtor's inventory was subject to the excise tax as provided in Fla.Stat. Secs. 563.05 and 564.06. The district court relied on In re Hatfield Construction Company, 494 F.2d 1179 (5th Cir.1974), in which the trustee in bankruptcy objected to the levy of a Georgia sales tax on the proceeds of a liquidation sale of the bankrupt's tangible personal property. The purchasers had paid the sales tax in question and the funds were placed in the hands of the trustee. The court in Hatfield held that "property in the hands of the trustee in bankruptcy is not thereby exempt from state and local taxes, absent a clear expression from Congress to the contrary. Section 960 is not such a clear expression at least where the tax on the liquidating function is imposed on the purchaser in liquidation." (citation omitted) (Hatfield, supra at 1181.) The court in Hatfield stated that it found the reasoning of In re Leavy, 85 F.2d 25 (2d Cir.1936), persuasive. In Leavy, the court held that a bankruptcy liquidation sale was subject to the New York City sales tax, which imposed primary liability for the tax on the purchaser with secondary liability upon the seller, the same as the Georgia act in Hatfield. The court in Leavy reasoned:
 
 
 9
 A tax on a sale made by a trustee under an order of court for purposes of liquidation if payable directly and primarily by him would doubtless be a burden on a governmental instrumentality, for a judicial sale in liquidation of a bankrupt estate would in a peculiar sense involve the exercise of a federal function. Indeed, without the exercise of such a function and the power thus to dispose of assets, administration in bankruptcy would hardly be practicable. A tax on the vendee in connection with a sale in liquidation of a bankrupt's estate is, at least in a formal sense, quite different from a tax for which the vendor is made primarily liable. (Leavy, supra, at 27.)The bankruptcy court distinguished Hatfield on the basis that the tax liability imposed in that case was to be paid by the purchaser and thus would not burden the bankruptcy estate, whereas in the present action the State of Florida seeks to collect excise taxes imposed at the distributor rather than consumer level. The district court, however, rejected the reasoning of the bankruptcy court, stating that the ultimate tax on the alcoholic beverage inventory is paid by the consumer, but is collected and remitted by the distributor. Thus, the district court concluded, to not impose the excise tax would result in the debtor's inventory entering the marketplace without the alcoholic beverage tax having been paid. However, in light of the rationale of Leavy, we find the position of the bankruptcy court persuasive and agree that Hatfield is distinguishable from the present situation in which primary liability for the tax is on the distributor.
 
 
 10
 There is a split of judicial authority on the issue of whether a trustee in bankruptcy is responsible for the payment of state taxes during liquidation. In California State Board of Equalization v. Goggin, 245 F.2d 44 (9th Cir.1957), cert. denied, 353 U.S. 961, 77 S.Ct. 863, 1 L.Ed.2d 910 (1957), the court held that the California State Board of Equalization could not collect from the trustee in bankruptcy, or from a purchaser from him, any tax based upon a sale of the debtor's tangible personal property in liquidation of the estate. An imposition of the tax, the court reasoned, would be an impermissible burden upon the liquidation process and would be inconsistent with the designation by Congress in 28 U.S.C. Sec. 960 that sales in the course of conducting a business is the sole area in which the state is permitted to impose a tax. Other courts have drawn a distinction between the sale of assets conducted by the trustee as an operating trustee and the sale of assets in liquidation of the bankrupt estate. See In re Rhea, 17 B.R. 789 (Bankr.W.D.Okla.1982); In re Samoset Associates, 14 B.R. 408 (Bankr.D.Me.1981); In re Supergrate Open Steel Flooring Co., 1 B.R. 660 (Bankr.C.D.Cal.1979). These cases generally have held that a trustee who conducts sales to liquidate the assets of the bankrupt estate is not "conducting any business" under the purview of 28 U.S.C. Sec. 960 and thus does not incur tax liability. In addition, some courts have relied upon the reasoning of Goggin, supra, that imposition of state tax laws which impose sales tax on court ordered bankruptcy liquidation burdens the liquidation process. In re Sheldon's, Inc. of Maine, 28 B.R. 568 (Bankr.D.Me.1983); Rhea, supra.
 
 
 11
 The appellees urge that the above cases are distinguishable from the present situation because those cases involved the liquidation of assets other than stock-in-trade. Appellees assert the argument that, although liquidating an estate does not in and of itself constitute "conducting business," a trustee who sells the debtor's inventory is actually conducting the business of the debtor and therefore should be liable for taxes just as though the debtor had sold the inventory. However, a review of the above cases reveals that characterization of the property sold was not a relevant factor in the decisions; in fact, the nature of the assets was not even reported in several of the cases. See, e.g., Goggin, supra; Rhea, supra.
 
 
 12
 On the other hand, several courts have held that the trustee in bankruptcy was "conducting business" and thus have imposed tax liability. Hatfield, supra; United States v. Sampsell, 266 F.2d 631 (9th Cir.1959); State of Missouri v. Gleick, 135 F.2d 134 (8th Cir.1943); In re Loehr, 98 F.Supp. 402 (E.D.Wisc.1950); In re Mid America, 31 F.Supp. 601 (S.D.Ill.1939); In re Sunrise Construction Co., 39 B.R. 668 (D.Wyo.1984). In both Mid America and Gleick, the issue was whether the respective states could impose unemployment compensation taxes upon a liquidating trustee in bankruptcy. The "tax" involved in both cases was the payment of unemployment compensation contributions for individuals who performed services for the trustees in connection with liquidation of the bankrupt estates. Having concluded that such contributions were "taxes," the court in Mid America held that the phrase "conduct any business" included "activity or operation in connection with the handling and management of the bankrupt estate." (at 607) The court in Gleick adopted the reasoning of Mid America. The bankruptcy court distinguished Mid America and Gleick because the state taxation statutes involved expressly included "trustees in bankruptcy" within the definition of "employing unit" for the purposes of the respective state unemployment compensation statutes. In Sunrise Construction, the district court also followed the reasoning of Mid America in holding that imposition of an excise tax did not impermissibly burden the bankruptcy estate. As in Hatfield, supra, the tax had been collected from the purchasers of personal property at a liquidation sale.
 
 
 13
 Based upon the above analysis, this court tends toward the reasoning of Goggin, supra, and therefore holds that the trustee was not "conducting any business" within the contemplation of 28 U.S.C. Sec. 960 in liquidating the debtor's inventory. Thus, we conclude that the bankruptcy court properly held that the estate is not subject to tax liability pursuant to Fla.Stat. Secs. 563.05 and 564.06.
 
 
 14
 Accordingly, the judgment of the district court is REVERSED.
 
 JAMES C. HILL, Circuit Judge, dissenting:
 
 15
 I respectfully dissent. The correct resolution of the issue presented in this case is not at all clear. While we are not given sufficient navigational aids by Congress, the waters on which we venture are not uncharted. In 28 U.S.C. Sec. 960, Congress provided that:
 
 
 16
 Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State, and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.
 
 
 17
 We find no other expression by Congress on the general subject presented on this appeal, and our task is thus to interpret section 960 and apply it to the present case.
 
 
 18
 Property in bankruptcy is subject to applicable state and local taxes absent a clear expression by Congress of an intent to create an exemption. Swarts v. Hammer, 194 U.S. 441, 444, 24 S.Ct. 695, 696, 48 L.Ed. 1060 (1904). When Congress addressed the question of whether or not the sale of merchandise by a trustee in bankruptcy is subject to state taxation, it is clear that it came down on the side of respecting the state taxing authority. Congress knew that a trustee in bankruptcy is often faced with the task of liquidating the business, which involves the disposing of merchandise to those who usually buy such merchandise. Although liquidation sales of inventory by a trustee are terminal, these are the same types of business transactions which the bankrupt company regularly conducted prior to the appointment of a trustee. If a corporation undertakes to liquidate its entire inventory of merchandise and go out of business, it can hardly be said that the corporation was not "conducting its business," even though at the end of the series of transactions the business would be at an end.
 
 
 19
 Accordingly, I conclude that, although not entirely clear, section 960 should be interpreted as providing for the eventuality of liquidation by the trustee, just as it provides for transactions by the trustee in operating the business as a going concern. Selling to customers from a going-concern and selling to customers in order to liquidate inventory both appear to me, without more specific congressional action, to constitute "conducting any business" so as to subject the sales to state taxation under section 960.
 
 
 20
 I am persuaded that the rationale of State of Missouri v. Gleick, 135 F.2d 134 (8th Cir.1943), is sound. The taxable transaction in that case was not the same as the transaction at issue in the instant case, but the analysis does, I believe, apply.
 
 
 21
 This issue will not infrequently occur, and its resolution appears to be in conflict in the federal courts. It should be resolved.
 
 
 
 *
 Honorable John W. Peck, U.S. Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 28 U.S.C. Sec. 959(b) provides:
 A trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.