In re **CHINA PEAK RESORT,** a limited partnership, Debtor.

**SIERRA SUMMIT, INC.,** Appellant,

v.

**CALIFORNIA STATE BOARD OF EQUALIZATION,** Appellee.

BAP No. EC 86–1443 MoVJ.
Bankruptcy No. 180–01352.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Jan. 22, 1987.

Decided July 13, 1987.

David R. Jenkins, Fullerton, Lang, Richert & Patch, P.C., Fresno, Cal., for appellant.

Robert F. Tyler, Deputy Atty. Gen., Sacramento, Cal., for appellee.

Before MOOREMAN, VOLINN and JONES, Bankruptcy Judges.

## OPINION

PER CURIAM.

By this action, appellant challenges the imposition of a *use tax* by appellee California State Board of Equalization on the leasing of property purchased from the estate of the debtor. Appellant objects to the state's *use tax* on the grounds that a previous order of the trial court enjoined the state's attempt to impose a *sales tax* at the time appellant purchased· equipment at a bankruptcy liquidation sale.

The bankruptcy court declined the relief sought herein for several reasons; including the fact that the *use tax* sought to be imposed upon the appellant was separate and different from the *sales tax* previously enjoined; that the court lacked jurisdiction to hear the dispute, and that even if jurisdiction existed, the court would abstain from determination of the matter. Appellant timely appealed the order of the bankruptcy court. For the reasons set forth below, we reverse.

## FACTS

The debtor herein, China Peak Resort, operated a ski resort. After financial difficulties, it filed a petition for relief under Chapter 11, 11 U.S.C., *et seq.* A state court receiver had already been appointed. Acting pursuant to authority of the bankruptcy court, the receiver engaged in negotiations for the sale of the assets of China Peak to the appellant. The purchase agreement was approved by the bankruptcy court. The California State Board of Equalization ("Board"), appellee herein, sought to impose a *sales tax* upon this conveyance. The receiver brought an adversary action challenging this tax, claiming the transaction to be exempt from taxation by the appellee. The bankruptcy court held the transaction exempt pursuant to 28 U.S.C. Section 960 and the Ninth Circuit holdings in *California State Board of Equalization v. Goggin,* ("Goggin I") 191 F.2d 726 (9th Cir.1951), *cert. denied,* 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680; *California State Board of Equalization v. Goggin,* ("Goggin II") 245 F.2d 44 (9th Cir.1957), *cert. denied,* 353 U.S. 961, 77 S.Ct. 863, 1 L.Ed.2d 910, on the basis that the sale was a liquidation of the bankruptcy estate.

Appellant Sierra Summit subsequently began operations of the ski resort, including the renting of ski equipment previously purchased from the estate. An audit of the business was conducted by the Board. Appellant was found to have understated its rental income, resulting in a tax liability. Sierra Summit contends that this income is exempt from taxation due to the

prior order of the bankruptcy court. The prior ruling provided that:

> Defendant, California State Board of Equalization, its representatives, agents and employees are hereby permanently restrained and enjoined from commencing or continuing any act to impose, determine, assess or enforce a sales or other tax against the said Receiver, debtor, its principals or other parties by reason of the sale of the assets of China Peak Resort, Ltd. to Snow Summit Ski Corporation....

The Board contends that the *use tax* which they are seeking to impose upon the appellant is not precluded by the exemption contained in the above order.

## DISCUSSION

We must first determine whether this Court has jurisdiction over the matter presented herein. The trial court found that it had no jurisdiction based upon 28 U.S.C. Section 1341, which provides as follows:

> The district courts shall not enjoin, suspend or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

The Ninth Circuit has stated that this provision does not preclude an injunction consistent with the administration of a bankruptcy estate. *See Goggin I, supra*, at 728. As mentioned above, the trial court previously issued an injunction against the Board, precluding an imposition of a *sales tax* upon the liquidation sale of the items from the estate.

■ By this action, appellant asked the trial court to determine the application of its previous order to the facts presented herein and to make a determination of whether the Board acted in contempt of the previous injunction. Inherent in · the court's jurisdiction, as defined by 28 U.S.C. Section 157, is the ability to determine the application of its previous orders. There-

fore, based upon the request for review of its previous order, jurisdiction was proper for the limited purpose of determining compliance by the Board with the terms of the previous injunction.

■ Notwithstanding the above, the trial court found that if it did have jurisdiction, abstention was proper in the present case. Abstention is governed by 28 U.S.C. Section 1334(c). Pursuant to 1334(c)(1), a court may abstain from determination of an issue in the interest of justice, the interest of comity with State courts or respect for State law.

The record herein does not support the trial court's decision to abstain. The relief sought was an interpretation of the court's previous order. Abstention would require another court or forum to determine the application of the injunction entered by the bankruptcy court. In addition, although there is a state system for reviewing the Board's assessment, a California state court decision [1] has indicated that it is not bound by the decisions of the Ninth Circuit in *Goggin I* and *Goggin II*. Under these circumstances, abstention would preclude meaningful review of the appellant's claims.

In light of the above, the bankruptcy court abused its discretion in its decision to abstain from determination of the propriety of the *use tax* assessment by the Board.

■ As the trial court has jurisdiction and abstention is improper on these facts, the merits of the issue presented, i.e. the propriety of the imposition of a *use tax* upon equipment rented after a tax-free acquisition of the property from a bankruptcy estate liquidation, must be determined.

At oral argument, counsel for the Board indicated that the *use tax* assessed herein occurs only in a situation where items are used, or in this case rented, and a *sales tax* was not paid on the original purchase of the items. In addition, the dissent points out that this *use tax* is assessed against the party who leases/uses the property

---

1. *See Debtor Reorganizers, Inc. v. State Board of Equalization*, 58 Cal.App.3d 691, 130 Cal.Rptr. 64 (1976).

rather than upon the purchaser from the bankruptcy estate. *See* C.S.U.T.R. 1660(c)(1).

While 1660(c)(1) does impose this burden, 1660(c)(2) exempts all transactions from this tax where *sales tax* was paid upon the purchase of the equipment by the lessor. Therefore, the lessee/user liability for such a *use tax* arises *only* where *sales tax* was not paid upon the equipment at the time of purchase, e.g. a bankruptcy liquidation sale. Hence, the conduct of the purchaser from the bankruptcy liquidation sale, i.e. whether *sales tax* is paid, is the exclusive factor which determines whether a *use tax* will be imposed. Subjecting all subsequent lease/use transactions to a *use tax* places a burden upon the purchaser of such equipment from the bankruptcy estate. This type of tax is expressly forbidden in the Ninth Circuit:

> Whatever the protean forms of a statute may be, or whatever subtle ingenuity of legislative tax advisors may suggest now or in the future, the tax is in fact based upon the sale; the sale is for the essential purpose of liquidating; the liquidation process was burdened thereby. The paramount authority in the bankruptcy field can be limited only by Congress. But, since Congress has already designated sales in the course of operation of a business as the sole area where the state may impose a tax of any type, [ [FTNT] 28 U.S.C. Section 960] essential sales in liquidation are inevitably free from such imposition.

*Goggin II*, 245 F.2d, at 46. This assessment of a *use tax* does not arise but for the failure of the purchaser to pay *sales tax* upon the liquidation sale from the bankruptcy estate. It is therefore based in fact upon the sale and is proscribed by the *Goggins'* decisions.

In light of the injunction previously entered by the bankruptcy court and the holdings in the *Goggins'* decisions, the Board improperly assessed a *use tax* upon the rentals of ski equipment that had been acquired by the appellant at a bankruptcy liquidation sale. Accordingly, the order of the trial court allowing the assessment is REVERSED. This matter is hereby REMANDED with instructions to the bankruptcy court to enter an order consistent with the above disposition.

JONES, Bankruptcy Judge, dissenting.

Although I agree with the majority regarding the jurisdiction and abstention issues, I disagree that the bankruptcy court's order prohibits the state from collecting the tax at issue here. I therefore respectfully dissent.

The California Sales and Use Tax Regulations ("C.S.U.T.R." or "regulations") provide that, in general, a lease of tangible personal property is a "sale" and "purchase." C.S.U.T.R. 1660(b)(1). The regulations require payment of a use tax based upon the value of the rentals arising from such a transaction. C.S.U.T.R. 1660(c)(1). This tax, according to the regulations, is a tax upon the lessee's use of the property in California. *Id.* The lessor is required to collect the tax from the lessee but the lessee remains liable for the tax unless given a receipt evidencing collection by the lessor. C.S.U.T.R. 1660(c)(1). The regulations make an exception where the property is leased in substantially the same form as acquired and where sales tax on the property has been paid upon initial purchase by lessor; the subsequent lease in such cases is not defined as a "sale" and "purchase". C.S.U.T.R. 1660(b)(1)(E). Accordingly, no sales or use tax is due. C.S.U.T.R. 1660(c)(2).

It is clear from this summary that the tax at issue here is based neither upon any transaction involving the trustee nor upon the use of the property by the party purchasing from the trustee ("purchaser"). Rather, the tax is based upon a separate transaction between the purchaser and a third party lessee; the tax is upon the *lessee's* use of the property. The trustee is not required to pay the tax or to collect it. Rather, the purchaser must collect the tax, but the regulations make clear that the lessee is the party liable for the tax unless the purchaser collects it. *See* C.S.U.T.R. 1660(c)(1).

The matter *sub judice* is, in my opinion, distinguishable from the *Goggin* cases. *California State Board of Equalization v. Goggin ("Goggin I")*, 191 F.2d 726 (9th Cir.1951), *cert. denied*, 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680 (1952); *California State Board of Equalization v. Goggin ("Goggin II")*, 245 F.2d 44 (9th Cir.), *cert. denied*, 353 U.S. 961, 77 S.Ct. 863, 1 L.Ed.2d 910 (1957). The *Goggin* cases stand for the proposition that a state may not, through its tax laws, impose a burden upon the essential liquidation process of the bankruptcy court.[1] As a result, a state may neither impose a sales tax upon the trustee when a sale is part of a court-ordered liquidation nor impose a use tax upon the party who purchases property at such a sale. *Goggin I*, 191 F.2d at 703; *Goggin II*, 245 F.2d at 45. The tax at issue here does not burden the essential liquidation process of the bankruptcy court and, in my opinion, is not assessed "by reason of the sale." The tax is assessed against the party leasing the property from the purchaser and is based upon that party's use of the property. The purchaser merely collects the tax and pays it to the state.

The majority relies upon the fact that the tax at issue is only assessed when no sales tax has been paid by the purchaser/lessor. This fact alone, however, does not make this tax one that is assessed "by reason of" the liquidation sale. The tax at issue here has no relationship to the sale of the property by the trustee: It is assessed against an unrelated third party; it is based upon that party's use of the property; and the amount of the tax assessed upon the amount of rent charged. In my opinion, therefore, the tax at issue is not assessed "by reason of" the liquidation sale and imposes no burden upon the essential liquidation process of the bankruptcy court. Accordingly, I respectfully dissent.

1. This is the holding of the *Goggin* cases. Notwithstanding the broad dicta from *Goggin II* cited by the majority, the relevant determination is whether the tax is imposed "by reason of" the liquidation sale. In this case, it is not.