NOONAN, Circuit Judge:
 

 This case presents a challenge by the California State Board of Equalization (“the Board”) to the accepted rules of this circuit that California sales tax does not apply to the sale of assets of an estate in bankruptcy,
 
 California State Board of Equalization v. Goggin,
 
 191 F.2d 726 (9th Cir.1951),
 
 (“Goggin
 
 I”),
 
 cert. denied,
 
 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680 (1952), and that California may not impose a use tax on the purchaser of such assets when the use tax operates only when the sales tax has not been paid.
 
 California State Board of Equalization v. Goggin,
 
 245 F.2d 44 (9th Cir.) (“Goggin II”),
 
 cert. denied,
 
 353 U.S. 961, 77 S.Ct. 863, 1 L.Ed.2d 910 (1957).
 

 In 1981 the federal receiver of China Peak Resort contracted for the sale of its assets for $3,530,000 to Snow Summit Ski Corp. (“Snow Summit”) and Snow Summit’s wholly owned subsidiary, Sierra Summit Ski Corp. (“Sierra Summit”). The assets included all fixed improvements and all personal property; skis were among the stock in trade conveyed. A bill of sale issued from the receiver to Sierra Summit for the property.
 

 The Board assessed a sales tax of $55,-000 on the sale by the receiver. The bankruptcy court on July 27, 1983 enjoined collection of the assessment. The Board was also prohibited from assessing or determining “a sales or other tax” against the receiver “or other parties.” Nothing daunted, the Board in 1985 audited Sierra Summit and determined that use tax was owed by Sierra Summit on income of $196,518 from rentals of the skis acquired from the receiver. Sierra Summit sought enforcement of the bankruptcy court's injunction in order to prevent the Board from assessing the tax, but the bankruptcy court rejected this request, holding that it had no jurisdiction; that if it had jurisdiction it should abstain from exercising it; and that in any event its July 27,1983 order did not bar the use tax. The Bankruptcy Appellate Panel reversed, 76 B.R. 757. From its judgment the Board appeals.
 

 ANALYSIS
 

 Jurisdiction and Abstention From Its Exercise.
 
 The bankruptcy court has jurisdiction to issue orders necessary to carry out its functions, 11 U.S.C. § 105. The enjoining of state sales tax upon a liquidation is such an order.
 
 Goggin I.
 
 Having issued the order, the bankruptcy
 
 *572
 
 court had jurisdiction to enforce it. Any objection the Board might have made to the original order is too late. The order binds the Board, and the Board can only argue its interpretation.
 

 By the same token, the bankruptcy court should not have abstained from exercising jurisdiction. That court had issued the order. It was incumbent on that court to interpret it. The Board relied on
 
 Debtor Reorganizers, Inc. v. State Board of Equalization
 
 58 Cal.App.3d 691, 130 Cal.Rptr. 64 (1976), for the proposition that a use tax of the kind it was assessing did not violate
 
 Goggin II.
 
 But the bankruptcy court, faced with this challenge to
 
 Goggin II,
 
 was bound to apply federal law, not the gloss of the state courts.
 

 The Board argues that the bankruptcy court’s refusal to exercise jurisdiction is non-reviewable because of 28 U.S.C. § 1334(c)(2). But the abstention was effected by the court under 28 U.S.C. § 1334(c)(1) and so reviewable.
 
 See In re White Motor Credit,
 
 761 F.2d 270, 273-74 (6th Cir.1985) (reviewing a discretionary decision to abstain under § 1334(4)(1)). We hold that it was not, as the statute requires, in the interest of justice, or in the interest of comity with state courts, or in the interest of respect for the state law, for the court to abstain from judging when it had already issued an injunction that no other court would be as well qualified to interpret.
 

 Exemption From Taxation.
 
 Under California law rentals from tangible personal property are exempt from sales tax but subject to use tax.
 
 Cal. Rev. & Tax. Code
 
 §§ 6390 and 6401. To be subject to use tax, however, the rentals must constitute sales as defined in Section 6006. This statute excepts from its definition of sales a lease of tangible personal property as to which the lessor has paid either sales or use tax measured by the purchase price of the property.
 
 Id.
 
 § 6006(g)(5). Consequently if Sierra Summit had paid either sales or use tax on its purchase of skis from the receiver, its rentals from the skis would not be subject to use tax. Because no sales or use tax was paid on the purchase, the Board asserts a right to tax the rentals. Clearly its effort is one of “the protean forms” that Judge Fee in
 
 Goggin II
 
 declared the taxing authorities might not assume in order to accomplish indirectly what they could not do directly. 245 F.2d at 46. The attempt is prohibited by
 
 Goggin II
 
 and the bankruptcy court’s injunction.
 

 The Board suggests that
 
 Goggin II
 
 was wrongly decided. The Second and Fifth Circuits are in the Board’s comer.
 
 See In re Hatfield Construction Co.,
 
 494 F.2d 1179 (5th Cir.1974);
 
 In re Leavy,
 
 85 F.2d 25 (2d Cir.1936). But this circuit was aware of the Second Circuit’s reasoning and refused to follow it, and the Supreme Court, denying certiorari, accepted a certain regionalism in the administration of federal bankruptcy law in relation to state sales and use taxes. It is not within the power of this panel — and not within its heart — to change a rule of this circuit that has been in force for over thirty'years.
 

 The Board argues that Sierra Summit is not being taxed on
 
 its
 
 use of the skis but on its discrete rentals to others. Nonetheless, there would be no tax if Sierra Summit had paid sales tax to the bankrupt estate: the use tax is a substitute for the tax the Board now admits it cannot collect under
 
 Goggin I.
 
 The Board points out that the use tax is not identical in amount with a sales tax on the purchase price. But, depending on the durability and fashiona-bility of the skis, the use tax on rentals could exceed the sales tax. The Board argues that the skis will forever be insulated from tax. Not so. If Sierra Summit sells the skis to anyone else, a sales tax must be paid; there is no exemption for an outright sale. The Board argues halfheartedly — and appeared to abandon the contention in oral argument — that Snow Summit was the real purchaser. But the bill of sale was to Sierra Summit; it was a party protected by the bankruptcy court’s decree.
 

 We assume that on remand the bankruptcy court will hold the Board in contempt only as to its determination of use tax on the ski rentals.
 

 
 *573
 
 AFFIRMED, and Remanded to the bankruptcy court for proceedings consistent with this opinion.